# EXHIBIT A

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. CL19001428-00 |
| TREE-SITTER 1<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| TREE-SITTER 2<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| PHILLIP FLAGG<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| EMMA HOWELL<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| JORDAN ROMEO<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| EVIN TYLER UGUR<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, and | ) | |
| JOHN DOES 1-10,<br><br>Defendants. | ) | |

COMPLAINT

Plaintiff, Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its complaint against defendants, states as follows:

INTRODUCTION

1. In this complaint, MVP seeks injunctive and other relief for the unlawful occupation of MVP's easements for an interstate natural gas pipeline. Defendants are tree-sitters and protestors on MVP Parcel No. VA-MO-22, owned by Cletus Woodrow Bohon and Beverly Ann Bohon ("Bohons"). As a result of defendants' actions, MVP is unable to fell and clear trees and construct the pipeline as allowed by court orders and agreements. MVP asks the Court to order defendants removed from the easements and to award it damages for trespass on the easements and interference with its rights.

FACTS

2. MVP is a natural gas company that holds a certificate of public convenience and necessity from the Federal Energy Regulatory Commission to construct a new natural gas pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia.

3. The approved route for the pipeline crosses a tract in Montgomery County, Virginia, owned by the Bohons. This tract has been designated as MVP Parcel No. VA-MO-022.

4. MVP has orders from the United States District Court for the Western District of Virginia granting partial summary judgment in favor of MVP on the right to condemn and granting MVP immediate possession of the easements on the Bohon property. *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain*, Civil Action No. 7:27cv492, Dkt. No. 339, 340, 546, and 1071. See Order attached as Exhibit 1.

5. In addition, the Bohons title have signed an agreement giving MVP full access to and possession of the easements on the property. See Agreement attached as Exhibit 2.

6. In an effort to obstruct and delay the project, defendants are occupying treestands on the property and interfering with the use of the easements by MVP.

7. Tree-sitter 1 is occupying the northernmost treestand on the property and interfering with the use of the easements by MVP.

8. Tree-sitter 2 is occupying the southernmost treestand on the property and interfering with the use of the easements by MVP.

9. Phillip Flagg has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

10. Emma Howell has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

11. Jordan Romeo has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

12. Evin Tyler Ugur has blocked access to the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

13. John Does 1-10 are aiders and abettors of tree-sitters on the property and are interfering with the use of the easements by MVP.

14. MVP has demanded that the defendants vacate the easements, but they have refused to do so.

15. As a result of defendants' actions, MVP has incurred substantial damages, including, but not limited to, additional tree-clearing and construction expenses and additional security expenses. MVP will sustain irreparable harm if the occupations are permitted to continue.

COUNT ONE - INJUNCTION

16. MVP adopts and incorporates by reference the facts stated in paragraph 1-15 above.

17. MVP has the right to use and occupy the easements for the approved route under both court orders and agreements.

18. Defendants have no right to occupy the easements for the approved route or to prevent work by MVP.

19. FERC has determined that the pipeline constitutes a public convenience and necessity, and an injunction is therefore in the public interest.

WHEREFORE, MVP moves the Court to enter a temporary and permanent injunction:

A. Ordering defendants to vacate the treestands and easements;

B. Ordering defendants not to interfere with MVP's use and occupation of the easements;

C. Ordering defendants to pay fines to MVP for each day that violations continue;

D. Directing law enforcement to take all necessary action to remove defendants from the treestands and easements;

E. Making the injunction applicable both to defendants and to the agents, servants, and employees of defendants and all other persons in active concert and participation with them; and

F. Granting MVP such other relief as the nature of the case may require.

COUNT TWO – TRESPASS

20. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

21. Defendants have willfully and intentionally trespassed upon and interfered with MVP's easements and wrongfully deprived MVP its use and enjoyment of its easements.

22. As a direct and proximate result, MVP has sustained damages.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages and $100,000 for punitive damages, plus prejudgment interest and the costs of this proceeding.

COUNT THREE – TORTIOUS INTERFERENCE

23. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

24. At all relevant times, MVP has had a valid legal and contractual rights to use and occupy the easements.

25. Defendants had knowledge of MVP's rights.

26. Notwithstanding such knowledge, defendants have willfully and intentionally interfered with MVP rights.

27. As a result, MVP has been damaged.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages and $100,000 for punitive damages, plus prejudgment interest and the costs of this proceeding.

COUNT FOUR – CONSPIRACY

28. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

29. Defendants have agreed and conspired to injure MVP in its trade or business by unlawfully occupying the easements of MVP and preventing MVP from using and enjoying the easements.

30. The acts of the defendants in furtherance of the conspiracy have been willful and malicious, and they violate both the common law and Virginia Code §§ 18.2-499 to -500.

31. As a result, MVP has been damaged.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages, to be trebled pursuant to the statute, and $100,000 for punitive damages, plus prejudgment interest, costs, and attorney's fees. Pursuant to Virginia Code § 18.2-500, MVP also seeks temporary and permanent injunctive relief as stated in Count One.

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By ______________________
Wade W. Massie

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

MOUNTAIN VALLEY PIPELINE, LLC, )
)
Plaintiff, )
)
)
v. ) Case No. CL19001428-00
)
)
TREE-SITTER 1, et al., )
)
Defendants. )

PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), for its motion for a temporary injunction, states as follows:

1. MVP holds a certificate of public convenience and necessity from the Federal Energy and Regulatory Commission to construct an interstate natural gas transmission line from Wetzel County, West Virginia, to Pittsylvania County, Virginia. *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043 (Oct. 13, 2017).

2. The approved pipeline crosses Montgomery County, Virginia, and a tract of land owned by Cletus Woodrow Bohon and Beverly Ann Bohon. The Bohon tract is designated as MVP Parcel No. VA-MO-022.

3. MVP has an order from the United States District court for the Western District of Virginia granting MVP immediate possession of the easements on the Bohon tract. See Order attached as Exhibit 1 to Complaint.

4. MVP also has an agreement with the Bohons allowing MVP immediate possession of the easements on the property. See Agreement attached as Exhibit 2 to Complaint.

5. In violation of MVP's rights under the Order and Agreement, a group of protestors is occupying the Bohon tract and interfering with MVP's use of the easements.

6. The protestors include the tree-sitters and their supporters who are named as defendants in the complaint.

7. Defendants have blocked access to the easements, blocked tree felling and clearing, and blocked construction of the pipeline. They have also assaulted security officers and workers attempting to use the easements.

8. MVP has repeatedly demanded that defendants cease their occupation and interference with the easements, but they have refused to do so.

9. As a result of the defendants' actions, MVP has incurred over $100,000 in additional construction costs, and it stands to incur another $250,000 in construction costs if the unlawful occupation and interference continues.

10. The denial of access to the easements constitutes irreparable harm as does the delay in completing the project, which FERC has determined to be a public convenience and necessity.

11. MVP has no adequate remedy at law.

WHEREFORE, MVP moves the Court for a temporary injunction:

A. Ordering defendants to vacate the treestands and easements;

B. Ordering defendants not to interfere with MVP's use and occupation of the easements;

C. Ordering defendants to pay fines to MVP for each day that violations continue;

D. Directing law enforcement to take all necessary action to remove defendants from the treestands and easements;

E. Making the injunction applicable to both defendants and to the agents, servants, and employees of defendants and all other persons in active concert and participation with them; and

F. Granting MVP such other relief as the nature of the case may require.

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By ______________________
Wade W. Massie

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

MOUNTAIN VALLEY PIPELINE, LLC, )
)
Plaintiff, )
)
)
v. ) Case No. CL19001428-00
)
)
TREE-SITTER 1, et al., )
)
Defendants. )

DECLARATION

I, Jeffrey J. Klinefelter, declare as follows:

1. I am Vice-President, Construction and Engineering for Mountain Valley Pipeline, LLC ("MVP"). In this capacity, I am familiar with the status of construction for the pipeline and the work that needs to be done on the Bohon tract.

2. I have reviewed the facts stated in MVP's complaint and motion for temporary injunction in this case, and those facts are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5TH day of August, 2019.

[signature]
Jeffrey J. Klinefelter

PENNSTUART
Since 1890
ATTORNEYS AT LAW
Post Office Box 2288
Abingdon, Virginia 24212-2288
208 East Main Street
Abingdon, Virginia 24210-2904
Telephone 276/628-5151
Facsimile 276/628-5621
Offices in Abingdon and Richmond, Virginia, Bristol and Johnson City, Tennessee
All Attorneys Licensed in Virginia, Except as Noted with *
Additional Bar Memberships: I KY; II WV; III TN; IV NC; V TX

GEO. E. PENN (1895-1931)
WM. A. STUART (1922-1976)
G.R.C. STUART (1952-1991)

WM. W. ESKRIDGE
STEPHEN M. HODGES
W. CHALLEN WALLING III
WADE W. MASSIE II, III
MARK L. ESPOSITO III
TIMOTHY W. GRESHAM III
H. ASHBY DICKERSON
BYRUM L. GEISLER III
RICHARD E. LADD, JR. III
W. BRADFORD STALLARD
RAMESH MURTHY III
MARK E. FRYE III
LISA M. FRISINA
ANDREW M. HANSON III
JOHN A. MARTIN III
TIMOTHY K. LOWE I, III, *
JESSE F. NARRON
CAMERON S. BELL III
KARI LOU FRANK
JOHN R. SIGMOND III

RICK J. BEARFIELD III, V, *
PATRICIA C. ARRIGHI
WENDY E. WARREN
SETH M. LAND III
P. DANIELLE STONE III
WILLIAM M. MOFFET OF COUNSEL
RICHARD E. LADD, SR. OF COUNSEL III, *
ELIZABETH R. WALTERS OF COUNSEL III
PAUL W. EMIGHOLZ OF COUNSEL
JONAS A. CALLIS
M. SHAUN LUNDY II, III, IV
MICHELLE THOMAS CASTLE I, II, III
K. ELIZABETH O'DEA
KENDRA M. PRINCE
KARISSA H. RANGE III
R. LUKE WIDENER III
CATIE A. KARCZMARCZYK III
SARAH E. SIMS III, *
ALYSSA F. D'ANGELO

August 6, 2019

DELIVERED

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

Erica W. Conner, Clerk
Circuit Court of Montgomery County
55 East Main Street, Suite 1
Christiansburg, VA 24073

Re: Mountain Valley Pipeline, LLC v. Tree-Sitter 1, et al.
Case No. CL19-1428

Dear Ms. Conner:

On behalf of plaintiff Mountain Valley Pipeline, LLC, I enclose for filing a Notice of Hearing. The hearing is scheduled for August 15, 2019, at 9:00 a.m. in Christiansburg.

Would you please provide me with a stamp filed copy of this Notice of Hearing, as well as the Complaint, Motion for Temporary Injunction, and Declaration, which we filed yesterday. I attach extra copies for this purpose.

Thank you for your assistance.

Very truly yours,

Wade W. Massie

Wade W. Massie

WWM/pjf
Enclosure

cc: Seth M. Land, Esq.

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 1
to Plaintiff's Complaint

Order Granting Plaintiff's Motion for an Amended Order
and Amended Order Granting Immediate Possession
of MVP Parcel No. VA-MO-022

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS TO CONSTRUCT, OPERATE, AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN GILES COUNTY, CRAIG COUNTY, MONTGOMERY COUNTY, ROANOKE COUNTY, FRANKLIN COUNTY, AND PITTSYLVANIA COUNTY, VIRGINIA, *et al.*,<br><br>Defendants. | ) | Case No. 7:17cv492-EKD |

ORDER GRANTING PLAINTIFF'S MOTION FOR AN AMENDED ORDER AND AMENDED ORDER GRANTING IMMEDIATE POSSESSION OF MVP PARCEL NO. VA-MO-022

This order applies to the tract owned by Cletus Woodrow Bohon and Beverly Ann Bohon described in paragraph 69 of the complaint, as amended, and identified as MVP No. VA-MO-022 ("Property"). The Property is located in Montgomery County, Virginia, and described in the deeds recorded as Instrument Nos. 2003011420 and 2018001857 in the land records of Montgomery County, Virginia.

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") issued an order ("Certificate Order") to Mountain Valley Pipeline, LLC ("MVP") to construct, maintain, and operate a natural gas pipeline along a route that includes the Property ("Approved

Route"). The Approved Route, as approved by FERC as of January 2018, is shown on the alignment sheets filed with the Court. Plaintiff's Exhibit 4, Dkt. No. 329.

On October 24, 2017, MVP filed this action to condemn easements along the Approved Route on the Property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. The rights and privileges applicable to various easements are included in the attached description.

On January 31, 2018, the Court issued a memorandum opinion and an order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security. Dkt. Nos. 339, 340. Upon consideration of the information submitted on security, the Court set the deposit for this Property at $64,506, and the bond at $43,004. The deposit was made, and the bond was posted. Thereafter, on March 7, 2018, the court granted MVP's motion for immediate possession of VA-MO-022. Dkt. No. 546.

On September 13, 2018, the parties entered into an Agreement for Substituted Access in which they agreed to a new route on the Property ("New Route") subject to the approval of FERC. On September 25, 2018, FERC issued an order granting a variance for the New Route. As shown on the attached map, the easements for the New Route on the Property ("Easements") include:

| | | |
|---|---|---|
| (a) | Temporary Workspace | 1.7503 acres |
| (b) | Permanent Easement | 1.2403 acres |
| (c) | Temporary Access Easement | 0.7065 acres |
| | Total Acres, More or Less | 3.6971 acres |

The Easements also include the easements previously acquired by agreement from David C. Helscher and Kendall O. Clay, Special Commissioners, recorded as Instrument No. 2018001661 in the land records of Montgomery County, Virginia.

Although there has not been an updated appraisal of the Easements for the New Route, the Landowners, through counsel, have consented to the entry of this order of immediate possession without any additional security. Thus, they agree that MVP's prior deposit and bond posted as to this property are sufficient security to allow immediate possession of the Easements for the New Route.

It is therefore ORDERED that MVP's consent motion for an amended order granting immediate possession of MVP Parcel No. VA-MO-022, Dkt. No. 1061, is GRANTED.

It is further ORDERED MVP is granted immediate possession of the Easements.

It is further ORDERED that defendants and their agents, servants, employees, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

Entered: December 6, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

DESCRIPTION OF EASEMENTS

As more specifically identified on the map for each property, the easements include:

(a) Permanent and exclusive rights-of-way of 50 feet in width to construct, operate, protect, maintain, replace, repair, remove, or abandon the pipeline and appurtenant equipment and facilities;

(b) Ingress to and egress from the rights-of-way by means of the permanent and temporary access roads, which MVP may construct, improve, maintain, or replace as necessary or convenient;

(c) The right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline and appurtenant equipment and facilities.

(d) Temporary and permanent workspace and additional workspace;

(e) Temporary and permanent anode bed easements and workspace; and

(f) The right to clear trees, brush, or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the pipeline or access roads.

The pipeline, except for risers, valves, drips, hydrate removal systems, line markers, cathodic protection, and test standards, and other appurtenant equipment and facilities reasonably required, shall be buried so as not to interfere with the cultivation of the land. Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct MVP's rights described herein. Landowners shall

not, without the prior written consent of MVP: (a) change the depth of cover over the permanent and exclusive rights-of-way for the installed pipeline, (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, paved roadways, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, or the like on or over the permanent and exclusive rights-of-way for the installed pipeline; (c) store any materials of any kind on the rights-of-way or operate or allow to be operated over the rights-of-way any heavy machinery or equipment that is in excess of 40,000 pounds or that may damage the pipeline or its appurtenant equipment or facilities; or (d) permit the rights-of-way to be covered by standing water, except in the course of normal seasonal irrigation.


Map of Exhibit
for
Mountain Valley Pipeline, LLC
VA-MO-022
Showing the boundary lines of Cletus & Beverly Bohon
Situate along Yellow Finch Lane
Shawsville Magisterial District,
Montgomery County, Virginia
LEGEND
Property line
Adjoiner line
Centerline of Pipeline
Temporary Workspace
Permanent Easement
Site
Vicinity Map (Not to Scale)
Scale: 1 inch = 300 feet
VA-MO-022
Cletus W. & Beverly A. Bohon
Temporary Workspace
0 4744 Acres
(20,665 63 Sq Feet)
Permanent Easement
1 0684 Acres
(47,411 73 Sq Feet)
Temporary Workspace
1 1748 Acres
(51,186 13 Sq Feet)
Temporary Access Easement
0 7065 Acres
(30,775 04 Sq Feet)
Temporary Workspace
0 0357 Acres
(1,554 22 Sq Feet)
Permanent Easement
0 1519 Acres
(6,615 20 Sq Feet)
Bohon Parcel Affected Area
1 7503 Acres Temporary Workspace Area
1 2403 Acres Permanent Easement Area
0 7065 Acres Temporary Access Easement
ATWS
Notes
A The orientation of this exhibit is Grid North and its coordinate base is the UTM System of 1983, Zone 17
B This is not a boundary survey Surface tract lines for the subject and adjoining tracts shown hereon are based upon the best available public records found in the Office of the Clerk, Montgomery County, Virginia and field location of existing evidence
C A field survey was not performed in the making of this exhibit
D Vacated property line of VA-MO-022 (Parcel ID 017781) & VA-MO-023 (Parcel ID 002831) by Deed of Boundary Line Adjustment, of record in Montgomery County, VA as Instrument No 2018001857
E Permanent Easement and Temporary Workspace conveyed to Mountain Valley Pipeline, LLC in Pipeline and Road Right of Way and Easement Agreement, of record in Montgomery County, VA as Instrument No 2018001861
Birch River Office
Phone: (304) 649-8606
Fax (304) 649-8608
237 Birch River Road
Birch River, WV 26610
www.alleghenysurveys.com
Allegheny Surveys, Inc.

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 2
to Plaintiff's Complaint

Agreement for Substituted Access

GWB BAB ML

# AGREEMENT FOR SUBSTITUTED ACCESS

This Agreement for Substituted Access ("Agreement") is made this 12 day of ~~August~~ September, 2018, by and between Cletus Woodrow Bohon and Beverly Ann Bohon ("Bohons") and Mountain Valley Pipeline, LLC ("MVP").

A. The Bohons are owners of property in Montgomery County, Virginia, along the approved route for a pipeline being built by MVP ("Existing Route"). The tracts are VA-MO-022 and VA-MN-5233 (collectively, the "Property").

B. In the pending condemnation case, the Court has entered orders granting partial summary judgment and immediate possession to MVP for easements on the Property ("Orders"). *See Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain, etc., et al.*, No. 7:17-cv-00492 (W.D. Va.). The Orders are for the Existing Route.

C. In the meantime, MVP and the Bohons have discussed a proposed new route over the Property ("New Route"). A copy of a plat showing the New Route is attached hereto as Exhibit A. The New Route is subject to the approval of FERC.

D. To avoid delays in possession of the New Route, the parties have reached this Agreement for access to the New Route if and when it is approved by FERC.

## TERMS

1. *Access to New Route.* The Bohons agree that MVP may have full access to and possession of the New Route immediately upon its approval by FERC. MVP will not be required to file any further motion for partial summary judgment or motion for immediate possession of the New Route.

2. *Amended Complaint and Order.* Upon approval of the New Route by FERC, MVP may amend its complaint to describe the easements for the New Route, and it may file new maps of the easements on the New Route. MVP may also submit an amended order granting immediate possession of the New Route. The Bohons agree that MVP may amend its complaint, and they agree to entry of an order granting immediate possession of the New Route so long as the New Route is approved by FERC. As stated in paragraph 1, however, MVP may have use and possession of the New Route prior to filing an amended complaint or entry of an amended order granting immediate possession.

3. *Deposit and Bond.* The parties agree that MVP shall not be required to make any additional deposit or to file any additional bond for the New Route. The existing deposit and bond will apply to the New Route.

4. *Just Compensation.* If FERC approves the New Route, the Bohons shall be entitled to just compensation for the New Route. The parties agree that MVP shall not be liable for just compensation for the Existing Route if prior to such approval MVP has not begun clearing or construction of the Existing Route in areas outside of the New Route.

5. *Existing Route.* Unless and until FERC approves the New Route, MVP has the right to use and possess the easements along the Existing Route. If FERC does not approve the New Route, the Bohons do not waive any of their objections to the Existing Route or their right to pursue any legal challenges to the Existing Route, including, without limitation, their appeal pending before the United States Court of Appeals for the Fourth Circuit.

Witness the following signatures:

Cletus W. Bohon
Cletus Woodrow Bohon
a/k/a Cletus W. Bohon

Beverly A. Bohon
Beverly Ann Bohon
a/k/a Beverly A. Bohon

MOUNTAIN VALLEY PIPELINE, LLC
By: EQM GATHERING OPCO, LLC - Operator

By: Kevin J. Wagner
Kevin J. Wagner

Its: Attorney-in-Fact


032431
002833
018808
030271
017761
003911
002831
017892
003969
LEGEND
MVP Centerline
MVP Access Road
40' Contour Line
MVP Easement R/W
MVP ATWS
Selected Tax Parcel
Mountain Valley PIPELINE
55 Cambridge Place Bridgeport, WV 26330
EXHIBIT A
Tax Map: 017761, 030271
Grantor
Location: Montgomery County, VA

**ADDENDUM TO AGREEMENT FOR SUBSTITUTED ACCESS**
**(LAND OPERATION WORKSHEET)**

**Type of Work:** Pipeline **Pipeline Footage:** 2,170' **Tax Map ID #:** 017761 030271

**Surface Owner:** Cletus Woodrow Bohon a/k/a Cletus W. Bohon and Beverly Ann Bohon a/k/a Beverly A. Bohon, husband and wife **Land Agent:** Sean Jenkins

As additional consideration for the execution of an Agreement for Substituted Access (the "ROW Agreement"), dated September 13, 2018 between MOUNTAIN VALLEY PIPELINE, LLC ("MVP") and Landowner (as the same are defined below), the parties agree that during or promptly after MVP's initial construction of the Pipeline (as defined in the ROW Agreement), MVP will undertake the following actions:

1. All brush, tree tops, limbs, branches, and shrubs less than 4" in diameter that MVP cuts during construction in the easement area shall be windrowed or burned on the easement area by MVP (at its option), subject to local ordinances and other regulatory agencies.

2. All trees, limbs, and branches over 4" in diameter that MVP cuts during construction in the easement area shall be cut to tree length and stacked along the easement area where Landowner can conveniently access them for Landowner's use as marked and initialed on plat attached hereto as Exhibit A, Tax Map 017761, 030271.

3. All tree stumps that MVP creates by cutting trees during its construction on the easement area will be buried on the easement area, ground or removed by MVP (at its option), subject to local ordinances and other regulatory agencies.

4. The surface of the easement area will be restored to its original contour, limed, fertilized, seeded and mulched in accordance with the Project's Erosion & Sediment Control Plan.

5. An as-built survey of the pipeline on Landowner's property will be provided to the Landowner after completion of the pipeline.

In the event that MVP does not undertake construction of the pipeline/facility project, or use the stated access road for construction of said pipeline that is the subject of this Addendum on the Surface Owner's property (as described in the Agreement for Substituted Access), any and all other obligations of MVP, under this Addendum (including as an example, but in no way limited to, obligations to set gates, repair roads, erect fences, or set culverts) shall be null and void.

Executed as of the date of the Agreement for Substituted Access:

**LANDOWNER:**

Cletus Woodrow Bohon
**Cletus Woodrow Bohon**
**a/k/a Cletus W. Bohon**

Beverly A. Bohon
**Beverly A. Bohon**
**a/k/a Beverly A. Bohon**

**Mountain Valley Pipeline LLC**

**By: EQM GATHERING OPCO, LLC -Operator**

**By:** Kevin J. Wagner
**Kevin J. Wagner**

**Its: Attorney-in-Fact**

X - Available Timber Stacking location



# COMMONWEALTH OF VIRGINIA

MONTGOMERY CIRCUIT COURT
Civil Division
55 EAST MAIN STREET, SUITE 1
CHRISTIANSBURG VA 24073
(540) 382-5760

Summons

To: TREE SITTER 1
6210 YELLOW FINCH LANE
ELLISTON VA 24087

Case No. 121CL19001428-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, August 13, 2019

Clerk of Court: ERICA W. CONNER

by _____________________ D.C.
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. CL19001428 |
| TREE-SITTER 1<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| TREE-SITTER 2<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | RECEIVED AND FILED<br>AUG 06 2019<br>Montgomery County Circuit Court<br>Erica W. Conner, Clerk |
| PHILLIP FLAGG<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| EMMA HOWELL<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| JORDAN ROMEO<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, | ) | |
| EVIN TYLER UGUR<br>6210 Yellow Finch Lane<br>Elliston, VA 24087, and | ) | |
| JOHN DOES 1-10,<br><br>Defendants. | ) | |

COMPLAINT

Plaintiff, Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its complaint against defendants, states as follows:

INTRODUCTION

1. In this complaint, MVP seeks injunctive and other relief for the unlawful occupation of MVP's easements for an interstate natural gas pipeline. Defendants are tree-sitters and protestors on MVP Parcel No. VA-MO-22, owned by Cletus Woodrow Bohon and Beverly Ann Bohon ("Bohons"). As a result of defendants' actions, MVP is unable to fell and clear trees and construct the pipeline as allowed by court orders and agreements. MVP asks the Court to order defendants removed from the easements and to award it damages for trespass on the easements and interference with its rights.

FACTS

2. MVP is a natural gas company that holds a certificate of public convenience and necessity from the Federal Energy Regulatory Commission to construct a new natural gas pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia.

3. The approved route for the pipeline crosses a tract in Montgomery County, Virginia, owned by the Bohons. This tract has been designated as MVP Parcel No. VA-MO-022.

4. MVP has orders from the United States District Court for the Western District of Virginia granting partial summary judgment in favor of MVP on the right to condemn and granting MVP immediate possession of the easements on the Bohon property. *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain*, Civil Action No. 7:27cv492, Dkt. No. 339, 340, 546, and 1071. See Order attached as Exhibit 1.

5. In addition, the Bohons title have signed an agreement giving MVP full access to and possession of the easements on the property. See Agreement attached as Exhibit 2.

6. In an effort to obstruct and delay the project, defendants are occupying treestands on the property and interfering with the use of the easements by MVP.

7. Tree-sitter 1 is occupying the northernmost treestand on the property and interfering with the use of the easements by MVP.

8. Tree-sitter 2 is occupying the southernmost treestand on the property and interfering with the use of the easements by MVP.

9. Phillip Flagg has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

10. Emma Howell has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

11. Jordan Romeo has been a tree-sitter on the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

12. Evin Tyler Ugur has blocked access to the property, is aiding and abetting tree-sitters on the property, and is interfering with the use of the easements by MVP.

13. John Does 1-10 are aiders and abettors of tree-sitters on the property and are interfering with the use of the easements by MVP.

14. MVP has demanded that the defendants vacate the easements, but they have refused to do so.

15. As a result of defendants' actions, MVP has incurred substantial damages, including, but not limited to, additional tree-clearing and construction expenses and additional security expenses. MVP will sustain irreparable harm if the occupations are permitted to continue.

COUNT ONE - INJUNCTION

16. MVP adopts and incorporates by reference the facts stated in paragraph 1-15 above.

17. MVP has the right to use and occupy the easements for the approved route under both court orders and agreements.

18 Defendants have no right to occupy the easements for the approved route or to prevent work by MVP.

19. FERC has determined that the pipeline constitutes a public convenience and necessity, and an injunction is therefore in the public interest.

WHEREFORE, MVP moves the Court to enter a temporary and permanent injunction:

A. Ordering defendants to vacate the treestands and easements;

B. Ordering defendants not to interfere with MVP's use and occupation of the easements;

C. Ordering defendants to pay fines to MVP for each day that violations continue;

D. Directing law enforcement to take all necessary action to remove defendants from the treestands and easements;

E. Making the injunction applicable both to defendants and to the agents, servants, and employees of defendants and all other persons in active concert and participation with them; and

F. Granting MVP such other relief as the nature of the case may require.

COUNT TWO – TRESPASS

20. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

21. Defendants have willfully and intentionally trespassed upon and interfered with MVP's easements and wrongfully deprived MVP its use and enjoyment of its easements.

22. As a direct and proximate result, MVP has sustained damages.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages and $100,000 for punitive damages, plus prejudgment interest and the costs of this proceeding.

COUNT THREE – TORTIOUS INTERFERENCE

23. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

24. At all relevant times, MVP has had a valid legal and contractual rights to use and occupy the easements.

25. Defendants had knowledge of MVP's rights.

26. Notwithstanding such knowledge, defendants have willfully and intentionally interfered with MVP rights.

27. As a result, MVP has been damaged.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages and $100,000 for punitive damages, plus prejudgment interest and the costs of this proceeding.

COUNT FOUR – CONSPIRACY

28. MVP adopts and incorporates by reference the facts stated in paragraphs 1-15 above.

29. Defendants have agreed and conspired to injure MVP in its trade or business by unlawfully occupying the easements of MVP and preventing MVP from using and enjoying the easements.

30. The acts of the defendants in furtherance of the conspiracy have been willful and malicious, and they violate both the common law and Virginia Code §§ 18.2-499 to -500.

31. As a result, MVP has been damaged.

WHEREFORE, MVP moves the Court for judgment against defendants, jointly and severally, in the amount of $100,000 for compensatory damages, to be trebled pursuant to the statute, and $100,000 for punitive damages, plus prejudgment interest, costs, and attorney's fees. Pursuant to Virginia Code § 18.2-500, MVP also seeks temporary and permanent injunctive relief as stated in Count One.

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By [signature]
Wade W. Massie

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 1
to Plaintiff's Complaint

Order Granting Plaintiff's Motion for an Amended Order
and Amended Order Granting Immediate Possession
of MVP Parcel No. VA-MO-022

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS TO CONSTRUCT, OPERATE, AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN GILES COUNTY, CRAIG COUNTY, MONTGOMERY COUNTY, ROANOKE COUNTY, FRANKLIN COUNTY, AND PITTSYLVANIA COUNTY, VIRGINIA, *et al.*,<br><br>Defendants. | ) | Case No. 7:17cv492-EKD |

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AMENDED ORDER AND AMENDED ORDER GRANTING IMMEDIATE POSSESSION OF MVP PARCEL NO. VA-MO-022**

This order applies to the tract owned by Cletus Woodrow Bohon and Beverly Ann Bohon described in paragraph 69 of the complaint, as amended, and identified as MVP No. VA-MO-022 ("Property"). The Property is located in Montgomery County, Virginia, and described in the deeds recorded as Instrument Nos. 2003011420 and 2018001857 in the land records of Montgomery County, Virginia.

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") issued an order ("Certificate Order") to Mountain Valley Pipeline, LLC ("MVP") to construct, maintain, and operate a natural gas pipeline along a route that includes the Property ("Approved

Route"). The Approved Route, as approved by FERC as of January 2018, is shown on the alignment sheets filed with the Court. Plaintiff's Exhibit 4, Dkt. No. 329.

On October 24, 2017, MVP filed this action to condemn easements along the Approved Route on the Property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. The rights and privileges applicable to various easements are included in the attached description.

On January 31, 2018, the Court issued a memorandum opinion and an order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security. Dkt. Nos. 339, 340. Upon consideration of the information submitted on security, the Court set the deposit for this Property at $64,506, and the bond at $43,004. The deposit was made, and the bond was posted. Thereafter, on March 7, 2018, the court granted MVP's motion for immediate possession of VA-MO-022. Dkt. No. 546.

On September 13, 2018, the parties entered into an Agreement for Substituted Access in which they agreed to a new route on the Property ("New Route") subject to the approval of FERC. On September 25, 2018, FERC issued an order granting a variance for the New Route. As shown on the attached map, the easements for the New Route on the Property ("Easements") include:

| | | |
|---|---|---|
| (a) | Temporary Workspace | 1.7503 acres |
| (b) | Permanent Easement | 1.2403 acres |
| (c) | Temporary Access Easement | 0.7065 acres |
| | Total Acres, More or Less | 3.6971 acres |

The Easements also include the easements previously acquired by agreement from David C. Helscher and Kendall O. Clay, Special Commissioners, recorded as Instrument No. 2018001661 in the land records of Montgomery County, Virginia.

Although there has not been an updated appraisal of the Easements for the New Route, the Landowners, through counsel, have consented to the entry of this order of immediate possession without any additional security. Thus, they agree that MVP's prior deposit and bond posted as to this property are sufficient security to allow immediate possession of the Easements for the New Route.

It is therefore ORDERED that MVP's consent motion for an amended order granting immediate possession of MVP Parcel No. VA-MO-022, Dkt. No. 1061, is GRANTED.

It is further ORDERED MVP is granted immediate possession of the Easements.

It is further ORDERED that defendants and their agents, servants, employees, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

Entered: December 6, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

DESCRIPTION OF EASEMENTS

As more specifically identified on the map for each property, the easements include:

(a) Permanent and exclusive rights-of-way of 50 feet in width to construct, operate, protect, maintain, replace, repair, remove, or abandon the pipeline and appurtenant equipment and facilities;

(b) Ingress to and egress from the rights-of-way by means of the permanent and temporary access roads, which MVP may construct, improve, maintain, or replace as necessary or convenient;

(c) The right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline and appurtenant equipment and facilities.

(d) Temporary and permanent workspace and additional workspace;

(e) Temporary and permanent anode bed easements and workspace; and

(f) The right to clear trees, brush, or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the pipeline or access roads.

The pipeline, except for risers, valves, drips, hydrate removal systems, line markers, cathodic protection, and test standards, and other appurtenant equipment and facilities reasonably required, shall be buried so as not to interfere with the cultivation of the land. Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct MVP's rights described herein. Landowners shall

not, without the prior written consent of MVP: (a) change the depth of cover over the permanent and exclusive rights-of-way for the installed pipeline, (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, paved roadways, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, or the like on or over the permanent and exclusive rights-of-way for the installed pipeline; (c) store any materials of any kind on the rights-of-way or operate or allow to be operated over the rights-of-way any heavy machinery or equipment that is in excess of 40,000 pounds or that may damage the pipeline or its appurtenant equipment or facilities; or (d) permit the rights-of-way to be covered by standing water, except in the course of normal seasonal irrigation.


Map of Exhibit
for
Mountain Valley Pipeline, LLC
VA-MO-022
Showing the boundary lines of Cletus &
Beverly Bohon
Situate along Yellow Finch Lane
Shawsville Magisterial District,
Montgomery County, Virginia
LEGEND
Phone: (304) 849-0503
Fax: (304) 849-0500
VA-MO-022
VA-MO-024
VA-MO-023

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 2
to Plaintiff's Complaint

Agreement for Substituted Access

AGREEMENT FOR SUBSTITUTED ACCESS

CWB 24 8 ML September

This Agreement for Substituted Access ("Agreement") is made this 12 day of August, 2018, by and between Cletus Woodrow Bohon and Beverly Ann Bohon ("Bohons") and Mountain Valley Pipeline, LLC ("MVP")

A The Bohons are owners of property in Montgomery County, Virginia, along the approved route for a pipeline being built by MVP ("Existing Route") The tracts are VA-MO-022 and VA-MN-5233 (collectively, the "Property")

B In the pending condemnation case, the Court has entered orders granting partial summary judgment and immediate possession to MVP for easements on the Property ("Orders") *See Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain, etc., et al* No 7 17-cv-00492 (W D Va ) The Orders are for the Existing Route

C In the meantime, MVP and the Bohons have discussed a proposed new route over the Property ("New Route") A copy of a plat showing the New Route is attached hereto as Exhibit A The New Route is subject to the approval of FERC

D To avoid delays in possession of the New Route, the parties have reached this Agreement for access to the New Route if and when it is approved by FERC

TERMS

1 *Access to New Route* The Bohons agree that MVP may have full access to and possession of the New Route immediately upon its approval by FERC MVP will not be required to file any further motion for partial summary judgment or motion for immediate possession of the New Route

2 *Amended Complaint and Order* Upon approval of the New Route by FERC, MVP may amend its complaint to describe the easements for the New Route, and it may file new maps of the easements on the New Route. MVP may also submit an amended order granting immediate possession of the New Route The Bohons agree that MVP may amend its complaint, and they agree to entry of an order granting immediate possession of the New Route so long as the New Route is approved by FERC As stated in paragraph 1, however, MVP may have use and possession of the New Route prior to filing an amended complaint or entry of an amended order granting immediate possession

3 *Deposit and Bond* The parties agree that MVP shall not be required to make any additional deposit or to file any additional bond for the New Route The existing deposit and bond will apply to the New Route

4 *Just Compensation* If FERC approves the New Route, the Bohons shall be entitled to just compensation for the New Route The parties agree that MVP shall not be liable for just compensation for the Existing Route if prior to such approval MVP has not begun clearing or construction of the Existing Route in areas outside of the New Route

5 *Existing Route* Unless and until FERC approves the New Route, MVP has the right to use and possess the easements along the Existing Route If FERC does not approve the New Route, the Bohons do not waive any of their objections to the Existing Route or their right to pursue any legal challenges to the Existing Route, including, without limitation, their appeal pending before the United States Court of Appeals for the Fourth Circuit

Witness the following signatures

Cletus W. Bohon
Cletus Woodrow Bohon
a/k/a Cletus W Bohon

Beverly A. Bohon
Beverly Ann Bohon
a/k/a Beverly A Bohon

MOUNTAIN VALLEY PIPELINE, LLC
By EQM GATHERING OPCO, LLC - Operator

By Kevin J. Wagner
Kevin J. Wagner

Its Attorney-in-Fact



Mountain Valley
EXHIBIT A
Tax Map:
017761, 030271
Grantor:
LEGEND
MVP Centerline
MVP Access Road
40' Contour Line
MVP Easement R/W
MVP ATWS
Selected Tax Parcel
003911
002833
030271
017892
032431
017761
018808
003969
002831

ADDENDUM TO AGREEMENT FOR SUBSTITUTED ACCESS
(LAND OPERATION WORKSHEET)

| | | | | | |
|---|---|---|---|---|---|
| Type of Work: | Pipeline | Pipeline Footage | 2,170 | Tax Map ID #: | 017761 030271 |
| Surface Owner: | Cletus Woodrow Bohon a/k/a Cletus W. Bohon and Beverly Ann Bohon a/k/a Beverly A. Bohon, husband and wife | Land Agent: | Sean Jenkins | | |

As additional consideration for the execution of an Agreement for Substituted Access (the "ROW Agreement"), dated September 13, 2018 between MOUNTAIN VALLEY PIPELINE, LLC ("MVP") and Landowner (as the same are defined below), the parties agree that during or promptly after MVP's initial construction of the Pipeline (as defined in the ROW Agreement), MVP will undertake the following actions.

1. All brush, tree tops, limbs, branches, and shrubs less than 4" in diameter that MVP cuts during construction in the easement area shall be windrowed or burned on the easement area by MVP (at its option), subject to local ordinances and other regulatory agencies

2. All trees, limbs, and branches over 4" in diameter that MVP cuts during construction in the easement area shall be cut to tree length and stacked along the easement area where Landowner can conveniently access them for Landowner's use as marked and initialed on plat attached hereto as Exhibit A, Tax Map 017761, 030271

3. All tree stumps that MVP creates by cutting trees during its construction on the easement area will be buried on the easement area, ground or removed by MVP (at its option), subject to local ordinances and other regulatory agencies

4. The surface of the easement area will be restored to its original contour, limed, fertilized, seeded and mulched in accordance with the Project's Erosion & Sediment Control Plan.

5. An as-built survey of the pipeline on Landowner's property will be provided to the Landowner after completion of the pipeline

In the event that MVP does not undertake construction of the pipeline/facility project, or use the stated access road for construction of said pipeline that is the subject of this Addendum on the Surface Owner's property (as described in the Agreement for Substituted Access), any and all other obligations of MVP, under this Addendum (including as an example, but in no way limited to, obligations to set gates, repair roads, erect fences, or set culverts) shall be null and void

Executed as of the date of the Agreement for Substituted Access:

LANDOWNER:

[signature]
Cletus Woodrow Bohon
a/k/a Cletus W. Bohon

[signature]
Beverly A. Bohon
a/k/a Beverly A. Bohon

Mountain Valley Pipeline LLC

By: EQM GATHERING OPCO, LLC -Operator

By: [signature]
Kevin J. Wagner

Its: Attorney-in-Fact

X - Available Timber Stacking Location



VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| TREE-SITTER 1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), for its motion for a temporary injunction, states as follows:

1. MVP holds a certificate of public convenience and necessity from the Federal Energy and Regulatory Commission to construct an interstate natural gas transmission line from Wetzel County, West Virginia, to Pittsylvania County, Virginia. *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043 (Oct. 13, 2017).

2. The approved pipeline crosses Montgomery County, Virginia, and a tract of land owned by Cletus Woodrow Bohon and Beverly Ann Bohon. The Bohon tract is designated as MVP Parcel No. VA-MO-022.

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

3. MVP has an order from the United States District court for the Western District of Virginia granting MVP immediate possession of the easements on the Bohon tract. See Order attached as Exhibit 1 to Complaint.

4. MVP also has an agreement with the Bohons allowing MVP immediate possession of the easements on the property. See Agreement attached as Exhibit 2 to Complaint.

5. In violation of MVP's rights under the Order and Agreement, a group of protestors is occupying the Bohon tract and interfering with MVP's use of the easements.

6. The protestors include the tree-sitters and their supporters who are named as defendants in the complaint.

7. Defendants have blocked access to the easements, blocked tree felling and clearing, and blocked construction of the pipeline. They have also assaulted security officers and workers attempting to use the easements.

8. MVP has repeatedly demanded that defendants cease their occupation and interference with the easements, but they have refused to do so.

9. As a result of the defendants' actions, MVP has incurred over $100,000 in additional construction costs, and it stands to incur another $250,000 in construction costs if the unlawful occupation and interference continues.

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By ___________________
Wade W. Massie

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this document with the Clerk on August 5th, 2019, and that I will subsequently attempt to make personal service on the known defendants.

Wade W. Massie

Wade W. Massie

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br>Plaintiff,<br><br>v.<br><br>TREE-SITTER 1, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

DECLARATION

I, Jeffrey J. Klinefelter, declare as follows:

1. I am Vice-President, Construction and Engineering for Mountain Valley Pipeline, LLC ("MVP"). In this capacity, I am familiar with the status of construction for the pipeline and the work that needs to be done on the Bohon tract.

2. I have reviewed the facts stated in MVP's complaint and motion for temporary injunction in this case, and those facts are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5TH day of August, 2019.

[signature]
Jeffrey J. Klinefelter

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL19-1428 |
| | ) | |
| TREE-SITTER 1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF HEARING

Please take notice that plaintiff Mountain Valley Pipeline, LLC will present its Motion for a Temporary Injunction to the Court for a hearing and ruling on August 15, 2019, at 9:00 a.m. at the Courthouse of the Circuit Court of Montgomery County, 55 East Main Street, Christiansburg, Virginia.

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By *Wade W. Massie*
Wade W. Massie

RECEIVED AND FILED

AUG 06 2019

Montgomery County Circuit Court
Erica W. Conner, Clerk

CERTIFICATE OF SERVICE

I hereby certify that I have filed this document with the Clerk on August 6th, 2019, and that I will subsequently attempt to make personal service on the known defendants.

Wade W. Massie

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CL19-1428 |
| | ) | |
| | ) | |
| TREE-SITTER 1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OF PLAINTIFF MOUNTAIN VALLEY PIPELINE, LLC IN SUPPORT OF ITS MOTION FOR A TEMPORARY INJUNCTION</u>

Plaintiff Mountain Valley Pipeline, LLC ("MVP") submits this memorandum in support of its motion for a temporary injunction:

I. INTRODUCTION

MVP is constructing an underground natural gas transmission line from Wetzel County, West Virginia, to Pittsylvania County, Virginia. The Federal Energy Regulatory Commission ("FERC") has determined that the project is in the public interest, and the agency has issued a certificate order directing MVP to build it. Although the courts have denied all legal challenges to the certificate order, some individuals—not willing to accept court rulings—have decided to take matters in their own hands and to block construction by unlawfully occupying the easements for the pipeline.

The individuals blocking construction are not landowners, and they have no right to occupy the property. Because these individuals have no interest in the property, the United States District Court has determined that they are not proper parties to the condemnation case. See Memorandum Opinion dated August 2, 2019, attached as Exhibit 1. The federal court concluded, however, that MVP could pursue removal of these individuals in state court. *Id.* at 13.

On August 6, 2019, MVP invoked the jurisdiction of this Court to end the defendants' unlawful occupation. MVP filed a complaint against the tree-sitters and four other individuals who have been denying MVP access to its easements. With its complaint, MVP filed a motion for temporary injunction to remove defendants from the property. This memorandum is submitted in support of that motion.

## II. STATEMENT OF CASE AND FACTS

One of the tracts in Montgomery County being crossed by the pipeline is a tract owned by Cletus Woodrow Bohon and Beverly Ann Bohon. This tract has been designated as MVP Parcel No. VA-MO-022. Because MVP was unable to reach an agreement with the Bohons on just compensation, MVP included the tract in the condemnation case it filed in October 2017. *Mountain Valley Pipeline, LLC v. Easements to Construct*, No. 7:17-cv-492 (W.D. Va.).

On March 7, 2018, the District Court granted MVP's motion for immediate possession of the Bohon property. Dkt. No. 546. Thereafter, the Bohons and MVP agreed to a route change over the Bohon property and entered into an Agreement for

Substituted Access. A copy of this Agreement is attached as Exhibit 2. In the Agreement, the Bohons granted MVP access to the new route immediately upon its approval by FERC. On September 25, 2018, FERC issued an order granting a variance for the new route. See Dkt. No. 1071 in 7:17-cv-0492.

Following approval by FERC, the District Court entered an Amended Order granting MVP immediate possession of the new route. See Amended Order attached as Exhibit 3. In the meantime, however, protestors established two treestands and a camp on the Bohon property.

Over the months since the occupation began, the tree-sitters and other protestors have not only blocked construction by their presence on the easements, they have also erected barricades across the property and access roads, prevented workers from entering or leaving the property, and assaulted employees. Law enforcement has made some arrests, but the tree-sitters continue to occupy the treestands, and the protestors continue to occupy the camp.

In an effort to bring the occupation to an end, MVP made the tree-sitters parties to the condemnation case and moved the District Court for an order directing their removal. Dkt. Nos. 1094, 1095, 1096, and 1108. After consideration of procedural issues, however, the District Court determined that the tree-sitters were not proper parties to the condemnation case, and it denied MVP's motion for injunctive relief. Dkt. No. 1291; Exhibit 1. In doing so, the District Court stated that MVP could pursue remedies under state law for the removal of the tree-sitters and other protestors. *Id.* at 13.

MVP subsequently filed this action for relief under state law. With its complaint, MVP filed a motion for a temporary injunction, a declaration supporting this motion, and a notice of hearing for August 15, 2019, at 9:00 a.m.

MVP's complaint names as defendants Tree-Sitter 1, Tree-Sitter 2, Phillip Flagg, Emma Howell, Jordan Romeo, Evin Tyler Ugur, and John Does 1-10. Tree-Sitter 1 is the person in the northernmost tree-stand on the property. Complaint, ¶ 7. Under Virginia Code § 8.01-290, process may be issued to and served upon a person by description when the name of the person is unknown. On August 6, 2019, MVP served Tree-Sitter 1 by delivering the summons and complaint, motion for temporary injunction, declaration, and notice of hearing to the person at the tree being occupied. In doing so, the process server told the person what papers were being served and the date, time, and place of the hearing. The Affidavit of Proof of Service describes the method of service as follows:

> By delivering copies of the documents to the person as follows: (1) Announcing to the person that I was serving a Summons and Complaint, Motion for Temporary Injunction, Declaration, and Notice of Hearing, (2) Attaching the documents to the tree supporting the treestand being occupied by the person, and (3) Advising the person that a hearing is scheduled on August 15, 2019, at 9:00 a.m. on the motion for a temporary injunction.

See Affidavits on file.

Under Virginia Code § 8.01-296(1), a defendant may be served by "delivering" a copy of the paper to the person. It is generally recognized that, when hand delivery is not feasible, service is sufficient when the paper is left in proximity of the person. *Greene v. Commonwealth*, No. 3012-06-1, 2008 WL 1782643, at *4 (Va. Ct. App. Apr. 22, 2008) ("'[I]t is generally held that if the process server and defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.'") (quoting *Nielson v. Braland*, 119 N.W. 2d 737, 739 (Minn. 1963)), *rev'd on other grounds*, 277 Va. 408, 672 S.E.2d 832 (2009); *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135-36 (9th Cir. 2009) (holding that placement of the papers within the defendant's proximity was sufficient when hand delivery was prevented by defendant); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (approving service where process server spoke to defendant and placed the papers into his residence); *Villanova v. Solow*, No. 97-cv-6684, 1998 WL 643686, at *1-2 (E.D. Pa. Sept. 18, 1998) (finding service effective where defendant refused to open door of his residence and process server put papers through mail slot); *Williams v. Harris*, No. 88-cv-0586-OG, 1988 WL 78849, at *1 (D.D.C. July 21, 1988) (approving service where process server left papers in screen door of defendant's house and saw person matching defendant's description review the papers and enter the house). "[A] defendant's refusal to accept service is not rewarded when the process server announces

the nature of the documents and leaves them in close proximity to the defiant defendant." *Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017).[1]

Tree-Sitter 2 is the person occupying the southernmost treestand on the property. Tree-Sitter 2 was served the same way as Tree-Sitter 1 on the same day.

Phillip Flagg has been a tree-sitter and protestor on the property. So far, MVP has not been able to serve Flagg.

Emma Howell has been a tree-sitter and protestor on the property. Emma Howell is believed to be the person occupying the northernmost treestand on August 6, 2019. Howell was served the same way as Tree-Sitter 1, and a separate set of papers was attached to the tree for Howell.

Jordan Romeo has been a tree-sitter and protestor on the property. Romeo is believed to be the person occupying the southernmost treestand on August 6, 2019. Romeo was served the same way as Tree-Sitter 2, and a separate set of papers was attached to the tree for Romeo.

Evin Tyler Ugur has been a protestor on the property. So far, MVP has not been able to serve Ugur.

Although MVP has not been able to serve Flagg and Ugur, it has served the two tree-sitters as well as Howell and Romeo. Therefore, the Court may proceed against

---

1. In any event, the Code does not require personal service before entry of a temporary injunction. Under § 8.01-629, all that is required is "reasonable notice" of the time and place of the hearing.

*Virginia Beach S.P.C.A., Inc. v. South Hampton Roads Veterinary Ass'n*, 229 Va. 349, 354, 329 S.E.2d 10, 13 (1985) (same).

The injunction will not violate any rights of the defendants. While individuals have a First Amendment right to oppose MVP's project, they do not have any right to occupy MVP's easements and block MVP from using them. *E.g., National Org. for Women v. Operation Rescue*, 37 F.3d 646, 655 (D.C. Cir. 1994) (finding injunction prohibiting trespassing was proper because there is no First Amendment right to trespass on private property); *Animal Legal Defense Fund v. Herbert*, 263 F. Supp. 3d 1193, 1209 (D. Utah 2017) ("[T]he First Amendment does not provide a license to trespass on private property . . . nor does it provide a defense in a trespass suit."). The injunction sought by MVP will not prevent lawful protests, it will simply prevent an unlawful occupation of private property.

Finally, an injunction is in the public interest. In issuing the certificate order, FERC found that the project will provide reliable natural gas supplies to the Northeast, Mid-Atlantic, and Southeast regions of the country. *Mountain Valley Pipeline, LLC*, 161 FERC P. 61,043 P. 62 (Oct. 13, 2017). FERC also found that the upstream natural gas producers will benefit from access to additional markets. *Id.* "Therefore," the agency stated, "we conclude that the proposed project is required by the public convenience and necessity." *Id.*

IV. CONCLUSION

MVP requests that the Court enter a temporary injunction ordering the tree-sitters and other protestors to vacate the easement areas. If they fail to do so, the Court should order their removal. A proposed order is attached as Exhibit 4.

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By [signature]
Wade W. Massie

CERTIFICATE OF SERVICE

I hereby certify that I have filed this document with the Clerk on August 13th, 2019, and that I will subsequently attempt to make personal service on the known defendants.

[signature]
Wade W. Massie

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 1
to Memorandum of Plaintiff Mountain Valley Pipeline, LLC
in Support of Its Motion for a Temporary Injunction

Memorandum Opinion and Order

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS TO CONSTRUCT, OPERATE AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN GILES COUNTY, CRAIG COUNTY, MONTGOMERY COUNTY, ROANOKE COUNTY, FRANKLIN COUNTY, AND PITTSYLVANIA COUNTY, VIRGINIA, et al.,<br><br>Defendants. | ) | Civil Action No. 7:17-cv-492-EKD |

**MEMORANDUM OPINION**

I. INTRODUCTION

Before the court are Mountain Valley Pipeline's (MVP) requested amendment to paragraph 69 of its complaint that seeks to add unnamed tree-sitters as defendants (Dkt. Nos. 1094, 1095) and MVP's motion for a preliminary injunction against those tree-sitters (Dkt. No. 1108). MVP alleges that there are two tree-sitters on the Bohon property that are preventing MVP from clearing trees and that they or their supporters have, on at least two occasions, assaulted a security officer who was accompanying the tree-clearing crew. (Dkt. No. 1262.)

Procedurally, the proposed addition of tree-sitters as parties to the case and the request for a preliminary injunction enjoining them from occupying or otherwise interfering with MVP's use of the easements differ from prior MVP motions that were granted by the court. Those prior motions (Dkt. Nos. 790, 791) sought relief to enforce this court's orders prohibiting defendants and related categories of persons from interfering with MVP's access to, or use of, its easements. The motions also asked the court to hold the tree-sitters in civil contempt. The tree-sitters in

those cases were shown to be acting in concert with named parties (landowners) to interfere with the court's orders. Unlike the factual circumstances in those prior proceedings, there is no allegation or proof here that the tree-sitters are acting in concert with the landowners. Moreover, in one of its previous rulings, the court found that a landowner's failure to asking a tree-sitter to leave the property was insufficient, by itself, to prove concerted action to frustrate or interfere with the court's injunction so as to find a landowner or tree-sitter in contempt. (Mem. Op. 3–4, Dkt. No. 863.) Presumably, these rulings led MVP to pursue an attempt to add the tree-sitters as defendants here.

For the reasons discussed herein, the court finds that the tree-sitters are not proper defendants in the case and will dismiss them. The court will also deny MVP's motion for a preliminary injunction. This ruling, however, does not mean that MVP is without remedies.

## II. BACKGROUND

On December 20, 2018, Mountain Valley Pipeline (MVP) filed an amendment pursuant to Federal Rule of Civil Procedure 71.1(f) purporting to amend paragraph 69 of its complaint regarding MVP Parcel Numbers VA-MO-022 and VA-MO-023, owned by Cletus Woodrow Bohon and Beverly Ann Bohon, stating that unnamed Tree-Sitter 1 and Tree-Sitter 2 are "occupying the easements on the property, and MVP intends to seek removal of these individuals and those supporting them." (Dkt. No. 1094.) MVP also filed a Notice of Filing of Amendments, which states that "MVP is amending paragraph 69 of the complaint to add Tree-Sitter 1 and Tree-Sitter 2 as defendants." (Dkt. No. 1095.) In response to these two filings, the court entered an order to show cause regarding: (1) why parcel VA-MO-023 was included in the amendment when it appeared that the purported owners never owned that specific parcel and that the parcel had been dismissed; and (2) why the court should not dismiss the tree-sitter defendants

as improperly joined under Federal Rule of Civil Procedure 71.1(i)(2). (Order Show Cause, Dkt. No. 1097.)

In its response to the order to show cause, MVP explained the status of VA-MO-023 to the court's satisfaction. As relevant here, both parcels have been merged into a single parcel that is now designated as VA-MO-022 (Resp. Order Show Cause 2, Dkt. No. 1098), and it is no longer necessary to address that issue.

As to the joinder of the tree-sitter defendants, MVP explains that the tree-sitters and their supporters are on the land comprising the revised route MVP seeks to condemn. (*Id.* at 1–2.) Because the court granted MVP immediate possession of the relevant area (Dkt. No. 1071), MVP asserts that the tree-sitters are interfering with its use of the easements. Accordingly, MVP responds to the court's show cause order by characterizing the tree-sitters' occupation—with the "express purpose and intent of preventing MVP from exercising its rights under the Court's order"—as claiming an interest in the property under Rule 71.1(c)(3). (Resp. Order Show Cause 3–4.)

In addition, MVP notes that Rule 71.1(a) dictates that the other federal rules of civil procedure apply in condemnation proceedings except as the rule provides otherwise. Because Rule 71.1 "does not state that owners and claimants are the only persons who may be joined as defendants," MVP argues, the joinder rules under Rule 20 apply. (*Id.* at 4.) MVP contends that if landowners or tree-sitters are blocking the easements, then the purpose of this case—which MVP describes as its entitlement to immediate possession of the easements needed to construct and operate the pipeline and its ability to obtain them by condemnation—will not be met. As such, because MVP seeks possession of the easements from both the landowners and tree-sitters in order to construct the pipeline, it argues that the claims for relief against both "arise out of the same transaction or occurrence, and common questions of law or fact arise with respect to them,"

pursuant to Rule 20, thereby allowing joinder of the tree-sitters. (*Id.* at 5.) As a final note, MVP states that, although it could, it should not have to proceed against the landowners for contempt and seek removal of the tree-sitters as persons in active concert, or seek relief in state court, in order to have the tree-sitters removed. (*Id.* at 6.)

Shortly after it filed its response to the court's order to show cause, MVP filed a motion for a preliminary injunction against the tree-sitters. (Mot. Prelim. Inj., Dkt No. 1108.) In it, MVP reiterates its belief that the tree-sitters are proper parties. Under the relevant factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008), MVP asserts that it is entitled to injunctive relief because (1) it is likely to succeed on the merits since the court already determined it is entitled to condemn easements on the property; (2) it will suffer irreparable harm without injunctive relief because construction of the pipeline will be delayed; (3) the balance of equities tips in MVP's favor because the tree-sitters have no legal right to occupy the easements and they will not sustain legal injury if removed; and (4) a preliminary injunction is in the public's interest since FERC determined that the pipeline will serve public convenience and necessity. (Mot. Prelim. Inj. at 2–3.) As such, MVP seeks an order enjoining the tree-sitters from occupying or interfering with MVP's use of easements on any parcels needed for the pipeline, directing the tree-sitters to vacate their tree-stands and the easements on parcel VA-MO-022, imposing fines against the tree-sitters, making the order applicable to agents, servants, employees, and attorneys of, or people in active concert or participation with, the tree-sitters, and directing the United States Marshal Service to take necessary action for enforcement of the order. (*Id.* at 3–4.)

On January 4, 2019, the court held a hearing on its order to show cause and MVP's motion for a preliminary injunction. (Dkt. Nos. 1111, 1128.) MVP appeared and argued, but the tree-sitters were not present at the hearing. However, counsel for amicus curiae, Tammy

Belinsky and Daniel Breslau, appearing on their behalf and on behalf of all persons consulting with, providing counsel to, or supporting the tree-sitters, argued in support of their motion for leave to file an amicus curiae brief in opposition to MVP's motion for a preliminary injunction. (Dkt. Nos. 1115, 1128.) The court took all motions under advisement and later granted the motion for leave to file an amicus curiae brief.[1] (Dkt. Nos. 1128, 1132.) Belinsky and Breslau filed their brief in opposition to MVP's motion for a preliminary injunction, arguing that the tree-sitters were improperly joined as defendants and that MVP's motion should be denied. (Br. Opp'n Mot. Prelim. Inj., Dkt. No. 1142.) MVP then filed a reply brief. (Reply Mem. Supp. Mot. Prelim. Inj., Dkt. No. 1143.) MVP also filed notices of additional evidence with regard to its schedule, costs, the fact that tree-sitters are still present in the location (but may now be different people), and noting the assaults upon its security guards by tree-sitters or their supporters. (Dkt. Nos. 1234, 1245, 1262, 1290.)

The matters relating to the order to show cause and the motion for a preliminary injunction have been thoroughly briefed and are ripe for resolution.

## III. DISCUSSION

Consideration of this matter is limited to whether the tree-sitters may be properly joined as defendants in this case because the court's resolution of that issue also resolves the motion for a preliminary injunction.[2] At the outset, the court notes that, despite significant research, there is a paucity of guiding authority on the issue before it: whether the tree-sitters may be properly

[1] The motion for leave was filed the day before the January 4, 2019 hearing and also asked the court to reschedule the hearing to January 11, 2019. (Dkt. No. 1115.) Because the court still held the hearing on its order to show cause and MVP's motion for preliminary injunction on January 4, 2019, it noted in its order granting the motion for leave that the request to reschedule the hearing was moot in that regard, but was otherwise granted. (Dkt. No. 1132.)

[2] Additionally, even if the tree-sitters were added as defendants, there would be no need for a preliminary injunction as they would be bound by this court's order dated December 6, 2018, prohibiting them "and their agents, servants, employees, and those in active concert and participation with them . . . from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors." (Dkt. No. 1071.)

added as defendants in this case involving condemnation of real property. Because MVP relies upon both Rule 71.1 (Condemning Real or Personal Property) and Rule 20 (Permissive Joinder of Parties) of the Federal Rules of Civil Procedure in support of its request, the court will address this issue under both rules.

**A. Federal Rule of Civil Procedure 71.1 – Condemning Property**

MVP's original complaint was filed pursuant to Rule 71.1 and MVP's power of eminent domain as authorized by the Natural Gas Act. Under Federal Rule of Civil Procedure 71.1(c)(3), "[w]hen the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known." Thus, all persons having any interest in the property to be condemned should be joined as defendants. 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3045 (3d ed. 2018).

So, first, under Rule 71.1, the court must look to whether the tree-sitters have or claim an interest in the property. As the United States Supreme Court has recognized, the "Takings Clause protects private property; it does not create it." *Washlefske v. Winston*, 234 F.3d 179, 183-84 (4th Cir. 2000) (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998)). Thus, the court looks "to traditional rules of property law to determine whether a constitutionally protected interest exists . . . ." *Id.* To do this, courts generally turn to an examination of state law, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), and examine "whether the government's action actually interfered with the [claimant's] antecedent bundle of rights," *Quinn v. Board of County Commissioners for Queen Anne's County, Maryland*, 862 F.3d 433, 439–40 (4th Cir. 2017) (quoting *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 330 (4th Cir. 2005)). Moreover, there must be a "legitimate claim of entitlement" and not just a "mere hope or expectation." *Roth*, 408 U.S. at 577.

MVP concedes that the tree-sitters do not have an ownership interest in the property, but it nevertheless asserts that they are claimants, even though they have filed nothing with the court. It characterizes sitting in the trees as a claim to interest because, according to MVP, the actions are taken to prevent MVP from exercising its rights under the court's order. (Resp. Order Show Cause 3–4.) Further, MVP argues that by refusing to vacate the property, the tree-sitters are claiming the right to exclude MVP, and they therefore claim an interest in the property. (Reply Mem. Supp. Mot. Prelim. Inj. 5.) MVP readily admitted at the hearing, however, that the tree-sitters were not claiming any compensation for a taking of any property interest. There is no allegation or evidence that they have the landowner's permission to be on the property or that they hold some leasehold interest.

Looking then to Virginia law to see if the tree-sitters have any legitimate claim of entitlement such that they have a claim to any interest in the property, the court finds no such claim, nor does MVP provide the court with any legal support for its argument. Virginia eminent domain law provides little guidance. Under Virginia law, "property" for eminent domain purposes includes "land and personal property, and any right, title, interest, estate or claim in or to such property." *AGCS Marine Ins. Co. v. Arlington Cty.*, 800 S.E.2d 159, 171 (Va. 2017) (quoting Va. Code § 25.1-100 (2018)). The Virginia Code does not specifically define the term "claimant." *3232 Page Ave. Condo. Unit Owners Ass'n v. City of Va. Beach*, 735 S.E.2d 672, 676 (Va. 2012) (noting that "claimant" is not defined in the "definitions" section of the Virginia Code pertaining to eminent domain).

Looking to Virginia property law in general, the court finds no property interest by the tree-sitters. It appears that Virginia provides no rights to squatters, and counsel has not pointed the court to any such rights. That is not to say, of course, that the tree-sitters could not be engaged in activity that could eventually lead to a claim to the Bohon property. Under the

Virginia laws of adverse possession, the tree-sitters could acquire an interest if they could prove by clear and convincing evidence that their possession is "actual, hostile [meaning under a claim of right and adverse to the owner], exclusive, visible, and continuous for a period of 15 years." *Qiatannens v. Tyrrell*, 601 S.E.2d 616, 620 (Va. 2004). Because of this, the Bohons' failure to take action against the tree-sitters could eventually result in a property claim by the tree-sitters, but there is not one now.

The only case the court could find wherein a petition for damages for the taking of land was allowed to proceed under an adverse possession theory was from Massachusetts, *Andrew v. Nantasket Beach R. Co.*, 25 N.E. 966 (Mass. 1890). There, the petitioner's intestate "was in undisputed possession and occupation of the land when taken by defendants for their railroad, and had been so for a considerable number of years." 25 N.E. at 966. The court further noted that "there was evidence on which a jury might properly have found an adverse occupation of 20 years." *Id.* at 967. Moreover, "no one else had ever claimed either it [the property] or damages for its taking . . . ." *Id.*

Here, at this stage, the tree-sitters can be said only to occupy some of the trees on the property that is clearly owned by the Bohons, and the Bohons are the only ones claiming the property and compensation for its taking. "To entitle a person having a right of occupancy of real estate to recover compensation when the land is taken, he must have an actual estate or interest in the soil." *United States v. 180.37 Acres of Land*, 254 F. Supp. 209 (W.D. Va. 1966) (citing 2 Nichols, Eminent Domain § 5.23(7) (3d ed. 1963)). "Mere occupancy, unaccompanied by any claim of ownership, is not in and of itself an estate or interest in land sufficient to form the basis of a claim for damages when the land so occupied is taken by eminent domain. Thus, a trespasser is not entitled to compensation . . . ." 2 Nichols on Eminent Doman § 5.02[l] (3d ed.).

An examination of the cases cited by the MVP and the amici does not change the above analysis or support MVP's argument. In *Government of Virgin Islands v. Certain Parcels of Land in Estate Nisky*, 713 F.2d 53 (3d Cir. 1983), relied upon by amici and referenced by both parties, the Third Circuit acknowledged that a putative heir could qualify as "claiming" an interest under Rule 71.1, which seems to suggest that one must have a purported claim to an ownership interest to be considered a claimant, although the court did not limit its application of Rule 71.1 this way. 713 F.2d at 56–57. Nevertheless, the court's definition of a claimant for purposes of Rule 71.1 is instructive here. And, while MVP criticizes the amici's reliance on this case, it has not provided any contrary case law suggesting that someone without a purported claim to an ownership interest can be properly viewed as a claimant, and, consequently, as a proper party in a condemnation case.

In response, MVP cites to *United States v. 88.28 Acres*, 608 F.2d 708 (7th Cir. 1979), to assert that the tree-sitters claim an interest to the property. There, the Seventh Circuit found that the heirs of an individual were properly joined as defendants under Rule 71.1 because, "by virtue of either the pending quiet title suit in the Indiana state court or the title insurance policy showing the title in them," the heirs claimed an interest in the property. *Id.* at 710, 712. The Seventh Circuit's analysis has no similar application here; MVP has not demonstrated that the tree-sitters have or make the same or similar type of claim to the property.

Further, contrary to MVP's assertion that Rule 71.1 "should be read to allow MVP to join anyone occupying the property and denying access to MVP," a plain reading of Rule 71.1 weighs in favor of denying MVP's request to add the tree-sitters as defendants. (Reply Mem. Supp. Mot. Prelim. Inj. 6.) The tree-sitters clearly seem to be protesting the pipeline as a whole, rather than, as described in Rule 71.1(c)(3), "claim[ing] an interest in the property" upon which they are situated. *See, e.g.*, *Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cty., Ala.*, No.

3:16-cv-173(L), 2016 WL 8900100, at *8 (M.D. Ala. June 3, 2016) (concluding that a company with "its own easement interests at stake" with regard to the property at issue was not a proper defendant to be joined under Rule 71.1(c)(3) because the evidence only showed that the company "may or may not have [had] an interest in the easement where the pipeline may run," and, thus, the defendants did not "reach the hurdle of showing [the company had] an interest"). Importantly, Rule 71.1 has been characterized as a rule to provide a simple and uniform procedure that allows landowners to receive their *compensation* more quickly. Wright et al., *supra*, § 3041. But here, the tree-sitters would not be entitled to compensation, nor do they seek it. Simply put, the tree-sitters do not assert a property right in the parcel at issue; therefore, they do not claim an interest in the property and are not proper defendants under Rule 71.1.

**B. Federal Rule of Civil Procedure 20 – Permissive Joinder of Parties**

Even if the tree-sitters do not claim a property interest such that they *must* be joined under Rule 71.1(c)(3), the question remains whether they *may* be joined through permissive joinder. MVP posits that while Rule 71.1 requires joinder of those having or claiming an interest, it does not limit permissible parties only to those having or claiming an interest. Rather, it also allows the general rules of civil procedure to "govern proceedings to condemn real . . . property by eminent domain, *except as [it] provides otherwise*," thereby allowing Rule 20 to apply. MVP cites to *McLaughlin v. Mississippi Power Co.*, in which the Fifth Circuit explained that persons joined as defendants to the condemnation action must have been joined under a different rule than Rule 71.1, such as Rule 19 or 20, since Rule 71.1 "permits joinder of pieces of property, not parties." 376 F.3d 344, 353–54 (5th Cir. 2004) (quoting Fed. R. Civ. P. 71.1).

In their brief, Belinsky and Breslau assert that MVP improperly relies on Rule 20 in support of adding the tree-sitters as defendants, since Rule 71.1 has its own provision regarding joinder of parties, and principles of statutory construction determine that "the specific governs

the general." (Br. Opp'n Mot. Prelim. Inj. 7–8.) They further argue that if Rule 20 were to apply, the tree-sitters and defendants in this action do not share common questions of law or fact because whether the tree-sitters should be ordered to vacate their positions is unique to the tree-sitters alone. They do not address the same transaction or occurrence requirement. (*Id.* at 8.)

Under Rule 20, persons may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Sabal v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983). Additionally, Rule 20 is discretionary, and "[t]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 2018 n.5 (4th Cir. 2007).

MVP argues that the right to relief it asserts against both the landowners and tree-sitters arises out of the same transaction or occurrence—acquiring easements for the pipeline—and that the landowners and tree-sitters share the common questions of whether MVP can condemn and is entitled to immediate possession of the easements. MVP counters amici's suggestion that the tree-sitters have no interest in what amici assert is the issue in the case—just compensation—by noting that the complaint also seeks "immediate access and entry prior to determination of just compensation." (Reply Mem. Supp. Mot. Prelim. Inj. 7.) Therefore, MVP seems to suggest that there is at least one common question of law or fact between the landowners and the tree-sitters. Last, MVP reasons that allowing the tree-sitters to be added as defendants aligns with the

purpose of Rule 20 by promoting trial convenience and expediting the final determination of disputes. (*Id.* at 8.)

For purposes of this argument, the court assumes, without deciding, that application of Rule 20 in condemnation cases is not precluded by Rule 71.1. Applying the language of Rule 20, the court first looks to whether there is "any right to relief . . . asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Rule 20 also provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment . . . against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3).

To meet the transaction or occurrence requirement under Rule 20(a)(2), "there must be a logical relationship between the events giving rise to the cause of action against each defendant." *Associated Recovery, LLC v. Does 1–44*, No. 1:15-cv-1723, 2016 WL 9558947, at *5 (E.D. Va. Mar. 25, 2016). In its broadest sense, if the events giving rise to the cause of action are interpreted so generally as to mean anything related to the construction, installation, and/or maintenance of this pipeline, the easements associated with it, and access thereto, then this requirement would be satisfied. Under this analysis, any person or entity (including perhaps contractors, protestors, government agencies, or the like) that interfered in any way with installation, construction, maintenance, or access could potentially meet the same transaction or occurrence prong. Although the court thinks it unlikely that such an expansive definition is applicable, the court will assume, without deciding, that MVP meets this prong of Rule 20.

The court then turns to whether there is any question of law or fact common to all defendants that will arise in the action. The court finds that MVP has failed to establish this prong. As to the property in question, the court had already awarded summary judgment to

MVP, finding that it has the substantive right to condemn the easements and granting MVP immediate possession of the easements, before MVP's attempt to add the tree-sitters. As to this property, the only question remaining is the narrow question of just compensation to be awarded to the landowners. As admitted by MVP, the tree-sitters are not entitled to compensation. Thus, there is no commonality between the tree-sitters and the landowners on the only legal issue remaining or on the factual issues related to that narrow legal issue.

Last, contrary to MVP's assertion, joining the tree-sitters as defendants here would not further the purposes behind Rule 20. Because the claims against the tree-sitters would involve distinctly different legal and factual issues, joining the tree-sitters as defendants in this action would not promote judicial economy.

For these reasons, the tree-sitters may not be joined as defendants through permissive joinder pursuant to Rule 20.

* * *

The court is cognizant of MVP's frustration with this situation and with the obstructive actions of the tree-sitters and their supporters. However, MVP has other options for relief—under both state and federal law—that it can pursue.[3] This ruling does not prevent MVP from pursuing other remedies, whether in this forum or another.

## IV. CONCLUSION

For the reasons discussed herein, the court finds that the tree-sitters may not be added as defendants in this case under either Rule 71.1 or Rule 20 of the Federal Rules of Civil Procedure. The tree-sitters will therefore be dismissed as improperly joined pursuant to Rule 71.1(i)(2), and MVP's motion for preliminary injunction will be denied.

[3] MVP could pursue actions for trespass and/or interference with easements in Virginia state court, seek criminal charges for assault and battery, or seek contempt sanctions in this court, as it previously has. (Dkt. No. 875.)

An appropriate order will be entered.

Entered: August 2, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 2
to Memorandum of Plaintiff Mountain Valley Pipeline, LLC
in Support of Its Motion for a Temporary Injunction

Agreement for Substituted Access

AGREEMENT FOR SUBSTITUTED ACCESS

CWB BAB MC

This Agreement for Substituted Access ("Agreement") is made this 12 day of ~~August~~ September, 2018, by and between Cletus Woodrow Bohon and Beverly Ann Bohon ("Bohons") and Mountain Valley Pipeline, LLC ("MVP")

A The Bohons are owners of property in Montgomery County, Virginia, along the approved route for a pipeline being built by MVP ("Existing Route") The tracts are VA-MO-022 and VA-MN-5233 (collectively, the "Property")

B In the pending condemnation case, the Court has entered orders granting partial summary judgment and immediate possession to MVP for easements on the Property ("Orders") *See Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain, etc., et al.*, No 7 17-cv-00492 (W D Va ) The Orders are for the Existing Route

C In the meantime, MVP and the Bohons have discussed a proposed new route over the Property ("New Route") A copy of a plat showing the New Route is attached hereto as Exhibit A The New Route is subject to the approval of FERC

D To avoid delays in possession of the New Route, the parties have reached this Agreement for access to the New Route if and when it is approved by FERC

TERMS

1 *Access to New Route* The Bohons agree that MVP may have full access to and possession of the New Route immediately upon its approval by FERC MVP will not be required to file any further motion for partial summary judgment or motion for immediate possession of the New Route

2 *Amended Complaint and Order* Upon approval of the New Route by FERC, MVP may amend its complaint to describe the easements for the New Route, and it may file new maps of the easements on the New Route. MVP may also submit an amended order granting immediate possession of the New Route The Bohons agree that MVP may amend its complaint, and they agree to entry of an order granting immediate possession of the New Route so long as the New Route is approved by FERC As stated in paragraph 1, however, MVP may have use and possession of the New Route prior to filing an amended complaint or entry of an amended order granting immediate possession

3 *Deposit and Bond* The parties agree that MVP shall not be required to make any additional deposit or to file any additional bond for the New Route The existing deposit and bond will apply to the New Route

4 *Just Compensation.* If FERC approves the New Route, the Bohons shall be entitled to just compensation for the New Route The parties agree that MVP shall not be liable for just compensation for the Existing Route if prior to such approval MVP has not begun clearing or construction of the Existing Route in areas outside of the New Route

5 *Existing Route* Unless and until FERC approves the New Route, MVP has the right to use and possess the easements along the Existing Route If FERC does not approve the New Route, the Bohons do not waive any of their objections to the Existing Route or their right to pursue any legal challenges to the Existing Route, including, without limitation, their appeal pending before the United States Court of Appeals for the Fourth Circuit

Witness the following signatures

Cletus W. Bohon [signature]
Cletus Woodrow Bohon
a/k/a Cletus W Bohon

Beverly A. Bohon [signature]
Beverly Ann Bohon
a/k/a Beverly A Bohon

MOUNTAIN VALLEY PIPELINE, LLC
By: EQM GATHERING OPCO, LLC - Operator

By [signature]
Kevin J Wagner

Its Attorney-in-Fact


017892
003969
002831
017761
003911
030271
018808
002833
032431
Mountain Valley
EXHIBIT A
Tax Map:
017761, 030271
Location: Montgomery County, VA
LEGEND
MVP Centerline
MVP Easement R/W
MVP Access Road
MVP ATWS
40' Contour Line
Selected Tax Parcel

# ADDENDUM TO AGREEMENT FOR SUBSTITUTED ACCESS
## (LAND OPERATION WORKSHEET)

| | | | | | |
|---|---|---|---|---|---|
| Type of Work: | Pipeline | Pipeline Footage: | 2,170' | Tax Map ID #: | 017761<br>030271 |
| Surface Owner: | Cletus Woodrow Bohon a/k/a Cletus W. Bohon and Beverly Ann Bohon a/k/a Beverly A. Bohon, husband and wife | Land Agent: | Sean Jenkins | | |

As additional consideration for the execution of an Agreement for Substituted Access (the "ROW Agreement"), dated September 13, 2018 between MOUNTAIN VALLEY PIPELINE, LLC ("MVP") and Landowner (as the same are defined below), the parties agree that during or promptly after MVP's initial construction of the Pipeline (as defined in the ROW Agreement), MVP will undertake the following actions:

1. All brush, tree tops, limbs, branches, and shrubs less than 4" in diameter that MVP cuts during construction in the easement area shall be windrowed or burned on the easement area by MVP (at its option), subject to local ordinances and other regulatory agencies

2. All trees, limbs, and branches over 4" in diameter that MVP cuts during construction in the easement area shall be cut to tree length and stacked along the easement area where Landowner can conveniently access them for Landowner's use as marked and initialed on plat attached hereto as Exhibit A, Tax Map 017761, 030271

3. All tree stumps that MVP creates by cutting trees during its construction on the easement area will be buried on the easement area, ground or removed by MVP (at its option), subject to local ordinances and other regulatory agencies

4. The surface of the easement area will be restored to its original contour, limed, fertilized, seeded and mulched in accordance with the Project's Erosion & Sediment Control Plan.

5. An as-built survey of the pipeline on Landowner's property will be provided to the Landowner after completion of the pipeline.

In the event that MVP does not undertake construction of the pipeline/facility project, or use the stated access road for construction of said pipeline that is the subject of this Addendum on the Surface Owner's property (as described in the Agreement for Substituted Access), any and all other obligations of MVP, under this Addendum (including as an example, but in no way limited to, obligations to set gates, repair roads, erect fences, or set culverts) shall be null and void

Executed as of the date of the Agreement for Substituted Access:

**LANDOWNER:**

Cletus Woodrow Bohon [signature]
**Cletus Woodrow Bohon**
**a/k/a Cletus W. Bohon**

Beverly A. Bohon [signature]
**Beverly A. Bohon**
**a/k/a Beverly A. Bohon**

**Mountain Valley Pipeline LLC**
**By: EQM GATHERING OPCO, LLC -Operator**
By: [signature]
**Kevin J. Wagner**
**Its: Attorney-in-Fact**


X - Available Timber Stacking location
002833
032431
018808
030271
003911
017761
002831
017892
003969
MVP Centerline
MVP Access Road
40' Contour Line
MVP Easement R/W
MVP ATWS
Selected Tax Parcel
LEGEND
Mountain Valley
EXHIBIT A
Tax Map: 017761, 030271
Grantor:

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 3
to Memorandum of Plaintiff Mountain Valley Pipeline, LLC
in Support of Its Motion for a Temporary Injunction

Order Granting Plaintiff's Motion for an Amended Order
and Amended Order Granting Immediate Possession
of MVP Parcel No. VA-MO-022

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS TO CONSTRUCT, OPERATE, AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN GILES COUNTY, CRAIG COUNTY, MONTGOMERY COUNTY, ROANOKE COUNTY, FRANKLIN COUNTY, AND PITTSYLVANIA COUNTY, VIRGINIA, *et al.*,<br><br>Defendants. | ) | Case No. 7:17cv492-EKD |

ORDER GRANTING PLAINTIFF'S MOTION FOR AN AMENDED ORDER AND AMENDED ORDER GRANTING IMMEDIATE POSSESSION OF MVP PARCEL NO. VA-MO-022

This order applies to the tract owned by Cletus Woodrow Bohon and Beverly Ann Bohon described in paragraph 69 of the complaint, as amended, and identified as MVP No. VA-MO-022 ("Property"). The Property is located in Montgomery County, Virginia, and described in the deeds recorded as Instrument Nos. 2003011420 and 2018001857 in the land records of Montgomery County, Virginia.

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") issued an order ("Certificate Order") to Mountain Valley Pipeline, LLC ("MVP") to construct, maintain, and operate a natural gas pipeline along a route that includes the Property ("Approved

Route"). The Approved Route, as approved by FERC as of January 2018, is shown on the alignment sheets filed with the Court. Plaintiff's Exhibit 4, Dkt. No. 329.

On October 24, 2017, MVP filed this action to condemn easements along the Approved Route on the Property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. The rights and privileges applicable to various easements are included in the attached description.

On January 31, 2018, the Court issued a memorandum opinion and an order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security. Dkt. Nos. 339, 340. Upon consideration of the information submitted on security, the Court set the deposit for this Property at $64,506, and the bond at $43,004. The deposit was made, and the bond was posted. Thereafter, on March 7, 2018, the court granted MVP's motion for immediate possession of VA-MO-022. Dkt. No. 546.

On September 13, 2018, the parties entered into an Agreement for Substituted Access in which they agreed to a new route on the Property ("New Route") subject to the approval of FERC. On September 25, 2018, FERC issued an order granting a variance for the New Route. As shown on the attached map, the easements for the New Route on the Property ("Easements") include:

| | | |
|---|---|---|
| (a) | Temporary Workspace | 1.7503 acres |
| (b) | Permanent Easement | 1.2403 acres |
| (c) | Temporary Access Easement | 0.7065 acres |
| | Total Acres, More or Less | 3.6971 acres |

The Easements also include the easements previously acquired by agreement from David C. Helscher and Kendall O. Clay, Special Commissioners, recorded as Instrument No. 2018001661 in the land records of Montgomery County, Virginia.

Although there has not been an updated appraisal of the Easements for the New Route, the Landowners, through counsel, have consented to the entry of this order of immediate possession without any additional security. Thus, they agree that MVP's prior deposit and bond posted as to this property are sufficient security to allow immediate possession of the Easements for the New Route.

It is therefore ORDERED that MVP's consent motion for an amended order granting immediate possession of MVP Parcel No. VA-MO-022, Dkt. No. 1061, is GRANTED.

It is further ORDERED MVP is granted immediate possession of the Easements.

It is further ORDERED that defendants and their agents, servants, employees, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

Entered: December 6, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

DESCRIPTION OF EASEMENTS

As more specifically identified on the map for each property, the easements include:

(a) Permanent and exclusive rights-of-way of 50 feet in width to construct, operate, protect, maintain, replace, repair, remove, or abandon the pipeline and appurtenant equipment and facilities;

(b) Ingress to and egress from the rights-of-way by means of the permanent and temporary access roads, which MVP may construct, improve, maintain, or replace as necessary or convenient;

(c) The right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline and appurtenant equipment and facilities.

(d) Temporary and permanent workspace and additional workspace;

(e) Temporary and permanent anode bed easements and workspace; and

(f) The right to clear trees, brush, or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the pipeline or access roads.

The pipeline, except for risers, valves, drips, hydrate removal systems, line markers, cathodic protection, and test standards, and other appurtenant equipment and facilities reasonably required, shall be buried so as not to interfere with the cultivation of the land. Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct MVP's rights described herein. Landowners shall

not, without the prior written consent of MVP: (a) change the depth of cover over the permanent and exclusive rights-of-way for the installed pipeline, (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, paved roadways, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, or the like on or over the permanent and exclusive rights-of-way for the installed pipeline; (c) store any materials of any kind on the rights-of-way or operate or allow to be operated over the rights-of-way any heavy machinery or equipment that is in excess of 40,000 pounds or that may damage the pipeline or its appurtenant equipment or facilities; or (d) permit the rights-of-way to be covered by standing water, except in the course of normal seasonal irrigation.



Map of Exhibit
for
Mountain Valley Pipeline, LLC
VA-MO-022
Showing the boundary lines of Cletus & Beverly Bohon
Situate along Yellow Finch Lane
Shawsville Magisterial District,
Montgomery County, Virginia
LEGEND
Property line
Adjoiner line
Centerline of Pipeline
Temporary Workspace
Permanent Easement
Site
ROANOKE
Vicinity Map (Not to Scale)
0' 300' 600'
Scale 1 inch = 300 feet
Bohon Parcel Affected Area
1.7503 Acres Temporary Workspace Area
1.2403 Acres Permanent Easement Area
0.7086 Acres Temporary Access Easement
Temporary Workspace
0.0357 Acres
(1,554.22 Sq. Feet)
Permanent Easement
0.1519 Acres
(6,616.20 Sq. Feet)
Temporary Workspace
1.1746 Acres
(51,166.13 Sq. Feet)
Permanent Easement
1.0884 Acres
(47,411.73 Sq. Feet)
Temporary Access Easement
0.7035 Acres
(30,776.84 Sq. Feet)
Notes
A The orientation of this exhibit is Grid North and its coordinate base is the UTM System of 1983, Zone 17
B This is not a boundary survey. Surface tract lines for the subject and adjoining tracts shown hereon are based upon the best available public records found in the Office of the Clerk, Montgomery County, Virginia and field location of existing evidence
C A field survey was not performed in the making of this exhibit
D Vacated property line of VA-MO-022 (Parcel ID 017701) & VA-MO-023 (Parcel ID 002831) by Deed of Boundary Line Adjustment, of record in Montgomery County, VA as Instrument No. 2018001857
E Permanent Easement and Temporary Workspace conveyed to Mountain Valley Pipeline, LLC in Pipeline and Road Right of Way and Easement Agreement, of record in Montgomery County, VA as Instrument No. 2018001881
Birch River Office
Phone: (304) 649-8606
Fax: (304) 649-8608
237 Birch River Road
Birch River, WV 26610
www.alleghenysurveys.com
ALLEGHENY SURVEYS, INC.

Mountain Valley Pipeline, LLC
v. Tree-Sitter 1, et al.

Exhibit 4
to Memorandum of Plaintiff Mountain Valley Pipeline, LLC
in Support of Its Motion for a Temporary Injunction

Order Granting Temporary Injunction

VIRGINIA:

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

MOUNTAIN VALLEY PIPELINE, LLC, )
)
Plaintiff, )
)
)
v. ) Case No. CL19-1428
)
)
TREE-SITTER 1, et al., )
)
Defendants. )

## ORDER GRANTING TEMPORARY INJUNCTION

On August 15, 2019, the Court heard the Motion for a Temporary Injunction of plaintiff, Mountain Valley Pipeline, LLC ("MVP"). Upon consideration of which, the Court finds that defendants Tree-Sitter 1, Tree-Sitter 2, Emma Howell, and Jordan Romeo ("Defendants") were duly served and provided reasonable notice of the hearing. The Court further finds that MVP has the right to use and occupy the easements described in the Order of the United States District Court granting MVP immediate possession and in the Agreement for Substituted Access between MVP and the Bohons. See Exhibits 1 and 2 to the Complaint. The Court further finds that Defendants are wrongfully interfering with MVP's use and occupancy of the easements. Finally, the Court finds that the interference with these easements is causing MVP irreparable harm, that MVP has no adequate remedy at law, and that MVP's Motion for a Temporary Injunction should be granted.

It is therefore ORDERED as follows:

1. Defendants are enjoined and prohibited from entering, occupying, or otherwise interfering with MVP's easements on MVP Parcel No. VA-MO-022 or the easements on other parcels within the MVP project.

2. Defendants are ordered to immediately vacate the treestands and easements on MVP Parcel No. VA-MO-022.

3. This Order applies both to Defendants and to the agents, servants, employees of Defendants and to all other persons in active concert and participation with them.

4. As soon as practical, the Sheriff's Office of Montgomery County shall serve a copy of the Order on Defendants and read the attached Notice to Defendants and to others subject to this Order.

5. If Defendants and others subject to this Order do not immediately vacate the treestands and easements, the Sheriff's Office shall promptly take such measures as are necessary to remove them from the treestands and easements.

This Order shall be effective upon MVP posting a bond in the amount of $__________ conditioned according to law.

ENTER: this _____ day of August, 2019.

_______________________________
Circuit Judge

Requested:

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By____________________________
Wade W. Massie
Counsel for Plaintiff

NOTICE

The Circuit Court of Montgomery County has entered an injunction directing that you immediately vacate the easements involved in the MVP project. If you fail to do so, you will be in contempt of the Court's Order and subject to arrest and removal from the property. This is your final notice to comply.

By Direction of the Court

TO THE TREE-SITTERS

I am delivering the Exhibits to Memorandum of Plaintiff Mountain Valley Pipeline, LLC in Support of Its Motion for a Temporary Injunction.