IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00565 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TREE-SITTER 1, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

Defendants Phillip Flagg, Emma Howell, Jordan Romeo, and Evin Ugur (the Removing Defendants) removed this action from the Circuit Court of Montgomery County, Virginia, on August 14, 2019, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and noting the consent of Tree-Sitter 1 and Tree-Sitter 2.

In the Removing Defendants' notice, they allege that defendant Flagg is a citizen of Texas; defendant Howell is a citizen of Florida; defendant Romeo is a citizen of Colorado; defendant Ugur is a citizen of Massachusetts; and that plaintiff, Mountain Valley Pipeline, LLC (MVP), "is a Delaware limited liability company with its principal place of business in Pittsburgh, Pennsylvania."  (Notice of Removal, Dkt. No. 1.)  Removing Defendants recognize that MVP is an LLC and that LLCs share the citizenship of its members.  Presumably, this is why they state in the notice that they "have conducted extensive due diligence and no members of MVP share citizenship with the known Defendants."  In support of this statement of diligence, they include a list, in a footnote, of entities having a direct or indirect ownership interest in MVP. The list includes four corporations, six LLC entities, and two limited partnership entities, including only the state where the business entity was formed.  (Dkt. No. 1, p. 4, n.1.)  None of

those states are the states of citizenship of the Removing Defendants.  To the extent they assert that these are the members of MVP, they fail to include the principle place of business of the corporations, and they fail to identify the citizenship of the members of the LLCs or the citizenship of the partners of the limited partnerships. (Dkt. No. 1, p. 4, n.1.)

Corporations are citizens of the state (or foreign country) in which they are incorporated and have their principal place of business.  S*ee* 28 U.S.C. § 1332(c)(1).  However, "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (citing *GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)).  Rather, an LLC is "an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Id.*; *accord Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see also Ferrell v. Express Check Advance of SC, LLC*, 591 F.3d 698, 702 (4th Cir. 2010) (stating the Supreme Court has made clear that "artificial entities *other than corporations* are not citizens for diversity purposes and that courts must look to the citizenship of their members when determining whether diversity jurisdiction exists" (citing *Chapman v. Barney*, 129 U.S. 677 (1889))).  The same is true for a limited partnership.  *See N.Y. State Teachers Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985).  "Thus, an LLC's [and limited partnership's] members' citizenship must be traced through however many layers of members there may be." *Jennings v. HCR ManorCare, Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing *Gen. Tech. Applications, Inc.*, 388 F.3d at 121).   This means the Removing Defendants must examine the principal place of business of the corporate members of MVP, and the citizenship of all of the LLC members of MVP, and the citizenship of all of the limited

partnership members of MVP.  If those members include corporations or LLCs or limited partnerships, the tracing through the layers continues.

Because the notice of removal does not specify this level of analysis, it does not allege sufficient facts to establish complete diversity of citizenship between the parties.  Defendants, who have invoked this court's jurisdiction, bear the burden of proving that the court has subject matter jurisdiction over this action.  As such, it is hereby ORDERED that Removing Defendants SHOW CAUSE as to why this case should not be dismissed for lack of subject matter jurisdiction.  Removing Defendants' response shall be filed on or before August 23, 2019.

Entered: August 16, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge