**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | | |
|---|---|---|
| **MOUNTAIN VALLEY PIPELINE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:19-cv-00565** |
| | ) | |
| **TREE-SITTER 1,** | ) | |
| **TREE-SITTER 2,** | ) | |
| **PHILLIP FLAGG,** | ) | |
| **EMMA HOWELL,** | ) | |
| **JORDAN ROMEO,** | ) | |
| **EVIN UGUR,** | ) | |
| **JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S DEMAND FOR COSTS, ATTORNEY FEES AND SANCTIONS

Defendants, Defendants Phillip Flagg ("Flagg"), Emma Howell ("Howell"), Jordan Romeo ("Romeo"), and Evin Ugur ("Ugur") (collectively "the Defendants"), by and through counsel, without waiving any available defenses or rights, for their Memorandum in Opposition to the "Notice of Filing" for Attorney Fees, Costs and Sanctions [ECF No. 10] filed by Plaintiff, Mountain Valley Pipeline, LLC ("MVP" or "Plaintiff"), state as follows:

## I. PROCEDURAL HISTORY

The Plaintiff commenced this action with the filing of a Complaint in Montgomery County Circuit Court ("State Court") on Tuesday, August 6, 2019, and scheduled a hearing for preliminary injunction on Thursday, August 15. Defendants filed their Notice of Removal [ECF No. 1] on August 14, 2019 to remove the case from the State Court to this Court, and the case

was placed on this Court's docket and given a case number on August 15. On August 16, the Court issued its Show Cause Order [ECF No. 4], followed by the Plaintiff's Motion to Remand [ECF No. 6] and Motion to Expedite [ECF No. 7]. The Court conducted a status conference via telephone on August 19, and the Plaintiff filed its "Notice" requesting fees the same day. [ECF Nos. 9 and 10].

## II. ARGUMENT

### A. The Court should deny the Plaintiff's request because the Defendants' basis for removal is objectively reasonable.

The Court should deny the Plaintiff's demand for fees and costs because such request is far from warranted. The federal statute governing procedure after removal provides for the possibility of an award of costs and attorneys' fees. The statute provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c)(emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005).

> Section 1447(c), however, provides that a remand order "may" require payment of attorney's fees—not "shall" or "should." As Chief Justice Rehnquist explained for the Court in Fogerty v. Fantasy, Inc., 510 U.S. 517, 533, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994), "[t]he word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." Congress used the word "shall" often enough in § 1447(c) --as when it specified that removed cases apparently outside federal jurisdiction "shall be remanded"--to dissuade us from the conclusion that it meant "shall" when it used "may" in authorizing an award of fees. Id. at 136, 126 S. Ct. at 709.

"The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

opposing party, while not undermining Congress' basic decision to afford defendants a right to remove..." Id. at 140, 126 S. Ct. at 710. Even when a court "has concluded that removal was improper," if it finds an "objectively reasonable basis for removing …the request for attorneys' fees and costs will be denied." Cardoza v. Med. Device Bus. Servs., Civil Action No. 4:19-cv-3, 2019 U.S. Dist. LEXIS 77506, at *27 (W.D. Va. May 8, 2019)(citing Martin, 546 U.S. 132, 136, 126 S. Ct. 704); see also PurAyr, LLC v. Phocatox Techs., LLC 263 F. Supp. 3d 632, 639 (W.D. Va. 2016)("When a "defendants' positions on the proper application of [a] statute and § 1446(b) are objectively reasonable, the court declines to award fees.")

Courts have looked to other bodies of case law to determine the standard for what is considered "objectively reasonable," and found the qualified immunity doctrine instructive. See Lott v. Pfizer, Inc., 492 F.3d 789, 792 (7th Cir. 2007)(The qualified immunity doctrine "assumes that state officials are aware of existing case law and holds officials liable only if they violate clearly established and particularized rights.") "The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989)(emphasis added)(followed by Johnson v. Dep't of Alcoholic Bev. Control, Civil Action No. 3:15-CV-00055, 2016 U.S. Dist. LEXIS 172423, at *14 (W.D. Va. Dec. 12, 2016).

In considering whether a removing defendant's actions were objectively reasonable in the context of a complex citizenship analysis, a sister court declined to award fees, "finding that the defendant had a colorable basis for removal and that the removal was not done in bad faith." W. Va. Univ. Bd. of Governors ex rel. W. Va. Univ. v. Rodriguez, 543 F. Supp. 2d 526, 536 (N.D.W. Va. 2008). Even when a defendant's conclusions are incorrect, courts have been

unwilling to assume that the purpose of removal was to prolong litigation or needlessly drive up costs for plaintiffs. Morgan, Lewis & Bockius LLP v. City of E. Chi., No. 08 C 2748, 2009 U.S. Dist. LEXIS 63552, at *8 (N.D. Ill. July 21, 2009).

The Court should decline to award the Plaintiff's fees in this case because the actions of the Defendants was objectively reasonable. The Plaintiff filed this case in State Court on August 6, 2019, seeking injunctive relief in the form of the removal of certain individuals currently occupying trees (the "Tree-Sitters") within the path of its planned natural gas pipeline. The Plaintiff also seeks hundreds of thousands of dollars in damages (plus attorneys' fees) from the Tree-Sitters, the four named Defendants and "John Does 1-10" for alleged trespass, tortious interference and conspiracy.

Counsel for the Defendants were fully retained only days before the Plaintiff's scheduled hearing on its motion for preliminary injunction. (See Dec. of Terry Frank). They spent the better part of August 13 and 14 shifting through the "Russian nesting doll" corporate structure of the Plaintiff, reviewing countless records, state corporations commissions documents, the various companies' own websites, and SEC filings/EDGAR. While they ultimately reached the wrong conclusion, the analysis is not whether the Defendants were correct, but whether the facts as Defense counsel understood them to be at the time of removal was objectively reasonable. The answer to that question is a resounding yes.

The Defendants' motivation in removing this case was not to delay the Plaintiff, despite Plaintiff's dangerous and frenzied approach to both construction of the pipeline and litigation. Indeed, had counsel for the Defendants not intervened and assessed possible defenses, Plaintiff would have steamrolled ahead with its demands for injunction despite having not served the Defendants and with the knowledge that it had voluntarily ceased work on or near the property

where the Tree-Sitters are presently located. To the contrary, Defendants' motivation in removing this case was to promote swift resolution before this Court, who is better suited than any to interpret its own orders. Defendants' basis for removal of this case was objectively reasonable, and the Plaintiff should not be awarded fees or costs.

**B. The amount sought by the Plaintiff is unreasonable and includes unrecoverable costs**.

The Plaintiff seeks $7,355.00 in fees and costs in connection with its motion to remand. (ECF No. 10-1, Exhibit A to Massie Declaration). As stated above, Plaintiff should not be able to recover anything, assuming *arguendo* that the Court awards the Plaintiff its fees, the Plaintiff seeks to recover both impermissible and unreasonable amounts. As a threshold matter, the Plaintiff cannot recover for work performed in furtherance of the State matter. A court cannot award the plaintiff fees for matters it would have had to litigate "whether in state or federal court." CarMax, Inc. v. Sibley, No. 3:16cv611 (MHL), 2017 U.S. Dist. LEXIS 74380, at *4 (E.D. Va. Apr. 17, 2017)(citing Avitts v. Amoco Prod. *Co.*, 111 F.3d 30, 32 (5th Cir. 1997)).

The Plaintiff had already scheduled a hearing on its motion for preliminary injunction for August 15, so the Plaintiff would have incurred the following fees and costs regardless of removal and they should be disallowed:

| | | | | |
|---|---|---|---|---|
| 8/15/19 | WWM | Prepare for hearing in Christiansburg | 1.00 | 240.00 |
| 8/15/19 | WWM | To Christiansburg for hearing and return | 4.00 | 960.00 |
| 8/15/19 | WWM | Travel to Christiansburg to advise Circuit Court of removal | | 116.00 |

Moreover, counsel for the Plaintiff was well aware that the case had been removed and had no reason to expend time on August 15 to prepare for a hearing or travel to Christiansburg

for a hearing he knew would be cancelled. On August 14, Defendants uploaded their Notice of Removal to this Court and filed their "Notice of Filing Notice of Removal" in State Court. On the afternoon of August 14, Plaintiff's counsel was emailed a file-stamped copy of the State Court pleading and the Notice of Removal and was notified by telephone by counsel for Defendants that the case has been removed. Plaintiff should not be able to recover for these fees and costs regardless.

**C. The Court must deny the Plaintiff's request for sanctions as both improper and unwarranted.**

The Plaintiff sloppily tacks on a demand for sanctions at the end of its Notice and requests that counsel be sanctioned in this case. As much as it clearly resents opposition, it bears reminding to Plaintiff that the opposing counsels' mounting of a defense does not equate to sanctionable conduct. Indeed, Defendants counsel's signature on the Notice of Removal, as members of this bar and officers of this Court, signify and represent to the Court that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that the case was not removed] for an improper purpose."

The Court should deny the Plaintiff's request for sanctions because not only has it failed to articulate a basis for sanctions, but also "a motion for sanctions . . . shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A). The rule provides that requests for sanctions must be made as a separate motion, *i.e.* not simply included as an additional prayer for relief contained in another motion." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., Case No. 1:00CV00113, 2001 U.S. Dist. LEXIS 16057, at *6-7 (W.D. Va. Oct. 2, 2001). "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim,

defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2)(emphasis added).

The Fourth Circuit has interpreted the safe harbor provisions of Rule 11 to require the party seeking sanctions to serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court. The provision imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements completely precludes the imposition of the requested sanctions. Brickwood Contrs., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (en banc). "Rule 11(c)(1)(A) thus establishes conditions precedent to the imposition of sanctions under the rule. If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions" Brickwood, 369 F.3d at 389.

The Plaintiff failed to serve Defendants with notice of what it deemed sanctionable conduct, nor give the Defendant opportunity to correct. It further failed to include such a demand in a separate motion, not just a prayer for relief in its fee request and motion to remand.

## III. CONCLUSION

The Court should deny the Plaintiff's request for fees and costs. The Defendants' election to remove was objectively reasonable and contained no elements of bad faith.

WHEREFORE, Defendants therefore, respectfully request this Court to deny the request, and award any other such relief as the Court deems appropriate.

Respectfully Submitted,
PHILLIP FLAGG
EMMA HOWELL
JORDAN ROMEO
EVIN UGUR
By Counsel

/s/ Terry C. Frank
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, P.C.
Two James Center
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
tfrank@kaufcan.com
Telephone: 804-771-5700
Facsimile: 888-360-9092

Sandra C. Freeman (VSB No. 78499)
P.O. Box 300668
Denver, Colorado 80203
sandra.c.freeman@gmail.com
Telephone: 720-593-9004

Tammy L. Belinsky (VSB No. 43424)
Attorney at Law
9544 Pine Forest Road
Copper Hill, Virginia 24079
tambel@hughes.net
Telephone: 540-929-9195
Facsimile: 540-929-9195

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to the following:

Wade W. Massie, Esq.
wmassie@pennstuart.com
Seth M. Land, Esq.
sland@pennstuart.com
Penn, Stuart & Eskridge
P.O. 2288
Abingdon, VA 24212
*Counsel for Plaintiff*

/s/ Terry C. Frank
Terry C. Frank, Esq. (VSB#74890)
Kaufman & Canoles, P.C.
Two James Center
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
tfrank@kaufcan.com
Telephone: 804-771-5700
Facsimile: 888-360-9092
*Counsel for Defendants*