IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00565 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TREE-SITTER 1, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Phillip Flagg, Emma Howell, Jordan Romeo, and Evin Ugur (the Removing Defendants) removed this action from the Circuit Court of Montgomery County, Virginia, on August 14, 2019, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and noting the consent of Tree-Sitter 1 and Tree-Sitter 2.

On August 16, 2019, the court issued an order to show cause, noting issues with the removal notice's assertion of diversity jurisdiction. The court explained in its order that a limited liability company (LLC) such as plaintiff Mountain Valley Pipeline (MVP) that is "organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (citing *GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). Rather, an LLC is "an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Id.*; *accord Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). "Thus, an LLC's [and limited partnership's] members' citizenship must be traced through however many layers of

members there may be." *Jennings v. HCR ManorCare, Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing *Gen. Tech. Applications, Inc.*, 388 F.3d at 121). The court stated:

> This means the Removing Defendants must examine the principal place of business of the corporate members of MVP, and the citizenship of all of the LLC members of MVP, and the citizenship of all of the limited partnership members of MVP. If those members include corporations or LLCs or limited partnerships, the tracing through the layers continues. Because the notice of removal does not specify this level of analysis, it does not allege sufficient facts to establish complete diversity of citizenship between the parties.

(Dkt. No. 4, Order to Show Cause 2–3.)

The court held a telephonic status conference call on August 19, 2019. During the conference call, defendants admitted that the court lacked diversity jurisdiction, but requested the opportunity to amend the notice of removal to state that the court may exercise federal question jurisdiction. On August 20, 2019, defendants indicated in an email to the court that they decided not to amend the notice of removal. There being no basis for subject matter jurisdiction, this matter will be remanded to the Circuit Court of Montgomery County.

Plaintiff Mountain Valley Pipeline (MVP) requests an award of costs and attorney's fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The standard for awarding fees under § 1447(c) "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp.*, 665 F. Supp. 2d 528, 534 (W.D.N.C. 2009) (citing *Martin*, 546 U.S. at 141)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the

purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Id.*

Defendants admit that they understand the requirements for determining the citizenship of an LLC. (Dkt. No. 12-1, Declaration of Terry C. Frank ¶ 7.) Yet they offer no convincing explanation for why they did not conduct further investigation into the citizenship of MVP's members before deciding to remove this case to federal court. Defendants note the difficulty of sifting through MVP's "Russian nesting doll" structure, and that they were pressed for time. This action was filed in Montgomery County on August 6, and it was removed to federal court on August 14. The removal statute allows defendants much more time than that—thirty days— to file a notice of removal. *See* 28 U.S.C. § 1446(b)(1). Conveniently, this matter was removed on August 14, one day before an injunction hearing scheduled for August 15 in Montgomery County. This is the type of manipulation of the removal process that § 1447(c)'s provision for the award of fees and costs was meant to deter. Ultimately, the difficulty of determining MVP's citizenship does not relieve defendants of their responsibility to conduct an adequate investigation and form an objectively reasonable basis for the assertion of subject matter jurisdiction before removal. The court will therefore award costs and fees under § 1447(c).

MVP requests $7,355.00 in fees and costs. (Dkt. No. 10-1.) Defendants challenge certain costs and fees related to preparing for and traveling to the August 15 hearing in Christiansburg that was canceled due to the removal of this case. (*See id.* (8/15/19, Prepare for hearing in Christiansburg, 1.00 hours, $240.00; To Christiansburg for hearing and return, 4.00 hours, $960.00; Travel to Christiansburg to advice Circuit Court of removal, $116.00).) The court agrees that the time spent preparing for the hearing should not be awarded because that

time will still be useful in the state case. Regarding travel time, defendants argue that MVP's counsel knew that the matter had been removed and that the hearing would be canceled. MVP states in opposition that it only had an unfiled copy of a notice of removal and could not confirm that the notice of removal had been filed. The hearing was scheduled in Christiansburg for 9:00 a.m. on August 15, and this court's records indicate that the notice of removal was filed at 8:48 a.m. on that same date. Therefore, the court finds that MVP was justified in traveling to attend the hearing. The court will subtract the 8/15/19 $240.00 entry for preparation but award the balance to MVP.

MVP also requests sanctions under Rule 11 of the Federal Rules of Civil Procedure. The court will not award sanctions under Rule 11 because MVP did not utilize the safe harbor provision set forth in Rule 11(c)(2), and there has been no notice and order to show cause by the court pursuant to Rule 11(c)(3).

Finally, defendants move for an extension of time to file an answer. Given the court's lack of jurisdiction, the court will not address this motion.

Therefore, for the reasons discussed herein:

1. MVP's motion to remand (Dkt. No. 6) is GRANTED. MVP is awarded $7,155.00 in costs and fees incurred as a result of the removal;

2. MVP's motion to expedite (Dkt. No. 7) is DISMISSED AS MOOT; and

3. Defendants' motion for an extension (Dkt. No. 13) is DISMISSED without prejudice for lack of jurisdiction.

The clerk is directed to STRIKE this case from the active docket of the court and to send copies of this order to all counsel of record.

Entered: August 23, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge